## HARRY SPANN v. STATE.

No. A-3428.  Opinion Filed Jan. 26, 1921.
Rehearing Denied May 10, 1921.
(197 Pac. 531.)

(Syllabus.)

1.  **Appeal and Error—Continuance—Discretion of Trial Court.**
    An application for continuance rests largely in the discretion of the trial court, and will not be interfered with unless it clearly appears that the discretion has been abused.

2.  **Continuance—Absence of Witnesses—Diligence.** It is the duty of a defendant to use all reasonable diligence to secure the attendance of witnesses in his behalf, and an application for continuance must set out fully the facts which constitute such diligence.

3.  **Trial—Argument of Prosecution—Scope.** The prosecuting attorney has the right and privilege in his argument to the jury to refer to the evidence and state his deductions therefrom and urge upon the jury the truth or falsity of any testimony given in the case.

4.  **Larceny—Larceny of Live Stock—Sufficiency of Evidence.** In a prosecution for the larceny of live stock, the evidence considered, and held sufficient to sustain the verdict and judgment of conviction.

Appeal from District Court, Pontotoc County; J. W. Bolen, Judge.

Harry Spann was convicted of larceny of live stock, and he appeals. Affirmed.

C. A. Galbraith, John P. Crawford, and I. M. King, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error, herein referred to as the defendant, prosecutes this appeal to reverse a judgment of conviction and sentence in accordance with the verdict, of two years' imprisonment in the penitentiary for the crime of larceny of live stock, charged to have been committed in Pontotoc county on or about the 5th day of September, 1917, by stealing two cows, the personal property of T. L. Grundy.

The principal ground relied on for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

T. L. Grundy testified:

"I am the owner of the cows described in the information. My brand is a circle 'O' on the left hip. I had also put a tally bar on the left loin of these cows. About the date alleged, I missed these cattle, and after an extended search I found them in the defendant's pasture, about 2 miles from my pasture. I also found seven other head of my cattle there, on which my brand, circle 'O,' had been branded over.

"Later I went back and found only five of my cattle there, and the two cows described in the information were gone. Later I located these two cows in another pasture about 12 miles from where I first found them, and in the meantime the brands had been changed by putting a circle 'O' over my circle and a rafter over the circle. Shortly after finding these cattle, I met the defendant and asked him where he got these cows, and the defendant said he bought them, but would not say who he bought them from. This is my branding iron. Mr. Adcox, the blacksmith at Hickory, made it for me in Feb-

ruary, 1916. The last time I used it was in May, that year. I put it in the barn and shortly afterwards it was gone. I did not find it until Deputy Sheriff Jackson told me he had it.''

Oliver Taylor testified that:

In the fall of 1917, ''I with Mr. Brasheers and Mr. Hendrix assisted the defendant in branding cattle, and we used the circle 'O' branding iron that has been offered in evidence. The defendant did most of the branding. I noticed two or three that had a circle 'O'. They were rebranded with this branding iron, and then we put a rafter over it and a bar under it. I heard the defendant tell Mr. Brasheers to reburn the circle 'O' brand that was on these cattle; that branding iron was left at my house by the defendant, and I turned it over to the deputy sheriff.''

J. E. Adcox testified:

''I run a blacksmith shop at Hickory, and I made this branding iron that has been offered in evidence, in February 1917, for Mr. Grundy.''

The state rested, and the defendant moved the court to direct the jury to return a verdict of not guilty, because the proof is that the defendant was in the possession of stolen property, and evidence of possession alone is insufficient to sustain a verdict of guilty.

The motion was overruled and exception allowed.

For the defendant, George Brasheers testified:

''I with others assisted the defendant in branding his cattle. We were using the circle 'O' brand and the rafter and the bar. I don't remember putting the circle on any old circle 'O' brand. I won't say that I didn't. I was putting the cattle in the chute; the others were doing the biggest part of the branding.''

Lon Taylor testified that he assisted in the branding but did not discover any circle 'O' brands on the cattle at that time.

Several witnesses qualified as character witnesses and testified that the defendant's general reputation for being an honest, upright, and law-abiding citizen was good.

As a witness in his own behalf, the defendant testified:

"I bought the two cows claimed by Mr. Grundy from Fred Millsap. They were down in a pasture I had leased on Blue, the pasture corners with Mr. Grundy's pasture. I bought 13 head, including these cows from Mr. Millsap. I think I paid him $422.50. I was at that time a cattle inspector in the employ of the state. I had been down to the Unsell Vat and met Mr. Millsap there, and he told me he wanted to sell his cattle, 13 in number. The cattle were to be delivered in my pasture at Fitzhugh, and he was to brand them. This was along in the forepart of September. I never noticed Mr. Grundy's brand on any of the cattle I bought from Millsap. I got the branding iron offered in evidence at Keath Underhill's. I was over there and, I just said, 'I want a branding iron and I will take this one.' "

The rule repeatedly announced by this court is that it has no power to reverse a judgment of conviction, upon the ground that the verdict is not supported by the evidence, unless there is no substantial evidence tending to show guilt of the defendant, or the evidence fails so far to support the verdict that the necessary inference is that the jury must have acted from partiality, passion, or prejudice. We have set forth a sufficient statement of the material testimony introduced by the state, and it is apparent that there is substantial evidence tending to show the defendant's guilt, and in our opinion it is amply sufficient to support the verdict of the jury.

Another alleged error is that the court erred in permitting the county attorney and private counsel for the state to go out of the record in their arguments to the jury. As to the alleged improper remarks of counsel for the state, it is sufficient to say that we are clearly of opinion that counsel for the state were within the bounds of legitimate argument, and that the objections interposed to the remarks complained of were properly overruled by the trial court.

The final contention is that the court erred in overruling defendant's motion for continuance, and the motion for new

trial on the same ground. It appears from the record that during the course of the trial counsel for the defendant stated that—

"At this time we would like to have Fred Millsap before the defendant takes the stand.

"The Court: Don't see any chance of getting Millsap.

"Counsel for the defendant: Then we would like to make a motion for continuance; the materiality of Fred Millsap's testimony will appear from the defendant's testimony.

"The Court: Dictate your motion. The same will be considered filed and overruled."

The defendant's affidavit in support of his motion for new trial avers that the name of Fred Millsap was indorsed on the information; that before going to trial he asked the court to issue a subpoena in his behalf for Fred Millsap, and that an attachment be issued for Fred Millsap, all of which was done; that the court made the announcement that, if the presence of any of the witnesses asked for by the defendant could not be obtained before the conclusion of the case, the defendant would be given an opportunity to present a motion for continuance; that before the conclusion of said trial he learned that the witness Millsap was not in attendance upon the court in obedience to said attachment, although the sheriff announced in open court that said witness had been recently seen in Johnston county.

Assuming that the motion for continuance was properly filed, it is wholly insufficient, no diligence whatever being shown. The mere statement of a defendant that he has shown due diligence to secure the attendance of an absent witness is not sufficient to show diligence. He must set forth fully in his application for continuance the facts which constitute such diligence. The delay of the defendant as shown by the record, in asking for a subpoena for this witness when the case was called for trial, amounts almost to indifference. A defendant must exercise diligence in procuring process for

his witnesses. The rule is well settled that the granting or refusal of a continuance is largely a matter of discretion of the trial court, the exercise of which will not be reviewed on appeal without an affirmative showing that there has been an abuse of discretion. We think the application for a continuance was properly denied. We have given careful examination and consideration to the record in this case, and all questions involved therein, and find no error justifying a reversal.

The judgment of conviction is therefore affirmed.

MATSON and BESSEY, JJ., concur.