## D. W. TERRY et al. v. STATE.

No. A-5127. Opinion Filed June 24, 1925.
(237 Pac. 465.)

·H. F. Tripp, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, and G. B. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM. The plaintiffs in error, D. W. Terry and H. H. Cooper, were jointly tried and convicted on an information charging illegal possession of intoxicating liquor, and, in accordance with the verdict, D. W. Terry was sentenced to pay a fine of $500 and to be confined in the county jail for 6 months, and H. H. Cooper was sentenced

to pay a fine of $100 and be confined in the county jail for 60 days. To reverse the judgment, they appeal.

The Attorney General has filed the following confession of error, which we adopt as the opinion of the court:

"The sole question, which is presented in this appeal, is whether or not O. P. Estes, judge of the Oklahoma City police court, could legally issue a search warrant commanding any peace officer to search the premises therein described and designated in such complaint and warrant, and to seize all such liquor, vessels, implements, furniture, fixtures, etc., used or kept for the illegal manufacture, etc., of such liquor. From an examination of the record, we find that the defendants filed a motion to suppress incompetent evidence and testimony, wherein they challenged the legality of the purported search warrant.

"In the case-made, we find Defendants' Exhibits A and B, which are an application for the search warrant in the instant case and the purported search warrant therein. The purported search warrant is signed by O. P. Estes, as police judge of the Oklahoma City police court. In the case of Gore v. State, 24 Okla. Cr. 394, 218 P. 545, this court said: 'A search and seizure forcibly made under color of a void search warrant is an "unreasonable search and seizure," within the meaning of section 30 of our Bill of Rights.'

"The sole question which is involved is whether or not the judge of the police court of Oklahoma City, Okla., has the authority to issue a search warrant pursuant to the provisions laid down in section 7009, C. O. S. 1921, which is, in part, as follows: 'If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, * * * such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer. * * *'

"Section 2444, C. O. S. 1921, defines a magistrate: 'A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense.'

"Section 2445, C. O. S. 1921, defines who are magis-

trates: 'The following persons are magistrates: First. The justices of the Supreme Court. Second. The judges of the Criminal Court of Appeals. Third. The district judges. Fourth. The superior court judges. Fifth. The county judges. Sixth. Justices of the peace. Seventh. Police court judges.'

"From an examination of these two sections above quoted, we find that the same are general statutes, under article 5, chapter 7, C. O. S. 1921, which is under the general statutes regarding criminal procedure. Section 7009, supra, is found under article 2, chapter 52, C. O. S. 1921, which is under the special statutes regarding the prohibitory laws of the state of Oklahoma. Section 2876 to 2896, C. O. S. 1921, are with reference to search warrants generally.

"In the case of Citizens' State Bank of Vici v. Gettig, 77 Okla. 48, 187 P. 217, the Supreme Court of Oklahoma said: 'A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject- matter, supersedes a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence.'

"In the case of Gardner v. School District No. 87 of Kay County, 34 Okla. 716, 126 P. 1018, the Supreme Court of Oklahoma said: 'A statute which is enacted for the primary purpose of permitting refunding bonds to be issued, and which prescribes the terms and conditions upon which they may be issued and the form and manner of their execution, supersedes a general statute which does not refer to refunding bonds, but which does contain language which might be broad enough to cover them if the special statute was not in existence.'

"A late case upon the construction of special statutes is the case of Muskogee-Times Democrat v. Board of Commissioners of Muskogee County, 76 Okla. 188, 184 P. 591, wherein the Supreme Court of Oklahoma said: 'Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the

subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply.'

"We have carefully examined the record in the instant case, and are of the opinion that the errors, assigned by the defendant with reference to the unlawful search and seizure, are well taken, for the reason that the search and seizure in the instant case came under an alleged violation of the prohibitory laws of the state of Oklahoma, and in said chapter containing prohibitory laws we find a special statute with reference to search warrants (section 7009, supra), said statute specifically delegates the authority of issuing search warrants regarding alleged violations of the prohibitory laws to judges of courts of record and justices of the peace, as this is a special statute, and applying the rules laid down in the above-cited cases, we think it would supersede the general statutes above cited, should they be in conflict.

"We therefore respectfully submit to this honorable court this confession of error."

Upon a careful examination and consideration of the record in this case, we are of opinion that the confession of error is well founded. The judgment of the lower court is therefore reversed.