## JAKE REINHART et al. v. STATE

No. A-5110. Opinion Filed Oct. 24, 1925.
(240 Pac. 139.)

H. F. Tripp, for plaintiffs in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.  From a conviction in the county court of Oklahoma county upon a charge of having possession of intoxicating liquor with intent to sell, the plaintiffs in error, hereinafter called defendants, have appealed.

Two assignments of error are argued:  First, that the evidence is insufficient to sustain the verdict; second, error of the court in admitting evidence obtained by an illegal search.  Upon the first assignment we do not deem it necessary to review the evidence.  An examination of the record discloses sufficient evidence from which the jury might reasonably and logically find the defendants guilty.  If this were the only error relied upon, this court would promptly affirm the case.

The second assignment is based upon the admission of evidence which defendants contend was procured by means of an unlawful search.  The witnesses for the state were several members of the police force of Oklahoma City. They testified, in substance, that under the authority of a search warrant issued out of the police court of Oklahoma City they raided the place of business of the defendant Reinhart, in which the defendant Terry was an employee, and two bottles of whisky in the possession of said Terry were broken in the sink, and for that reason the officers were unable to produce the same in court.

It is argued that the search warrant testified to was issued by an officer having no authority to issue search warrants under the provisions of the enforcement act. This contention is well taken. Under the Enforcement Act (section 7009, Comp. Stat. 1921), the authority to issue search warrants is specifically delegated to judges of courts of record and justices of the peace. A police judge is without authority to issue warrants for search in connection with alleged violations of the liquor law. The warrant relied upon in this case was a nullity, and a search predicated upon the authority of such warrant was illegal. Terry et al. v. State, 31 Okla. Cr. 91, 237 P. 465.

The case is reversed and remanded, with instructions to the lower court to dismiss.

BESSEY, P. J., and DOYLE, J. concur.