## ELZA COOK v. STATE.

No. A-5217.  Opinion Filed Dec. 31, 1925.
(242 Pac. 277.)

Wright & Gill, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of having' possession of intoxicating liquor with intent to sell.

The evidence was procured by a search made under the authority of a search warrant issued by the police judge of Oklahoma City. Before the trial, defendant filed a motion to suppress the evidence obtained by said search warrant, which was overruled. During the trial, further objection was made to the introduction of such evidence, for the reason that the search warrant was illegal. The prohibitory law under which the search warrant was procured designates what officers may issue warrants for search under said act, specifying any judge of a court of record or any justice of the peace. Section 7009, Comp. Laws 1921. This is a special act for the enforcement of the prohibitory law, and this court has several times held that a search warrant under its provisions can be issued only by a judge of a court of record or by a justice of the peace, and that a police judge is without authority to issue a search warrant, and, where a search warrant is issued by a police judge, it is a nullity, and evidence obtained thereby, on timely objection, should be excluded. Terry et al. v. State, 31 Okla. Cr. 91, 237 P. 465; Reinhart et al. v. State, 32 Okla. 109, 240 P. 139.

The case is reversed and remanded, with instructions to dismiss.

BESSEY, P. J., and DOYLE, J., concur.