## REX CAMPBELL v. STATE.

Nos. A-5289, A-5291 (two cases). Opinion Filed March 6, 1926.
(243 Pac. 990.)

Morris & Tant, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a place where intoxicating liquors were kept with the intent to violate the prohibitory liquor law, was sentenced to pay a fine of $250 and to be confined in the county jail for a period of four months.

The material evidence on which the conviction was had was procured by a search warrant issued by the police judge of Oklahoma City. Objection was made to the introduction of this evidence as incompetent and obtained by a search on an invalid and illegal search warrant issued by an officer without authority to issue search warrants in liquor cases. This objection was overruled, and thereafter defendant moved to strike out such evidence, which motion was also overruled. A police judge may issue a search warrant under the general statutes regulating Procedure Criminal, sections 2444 and 2445, Comp. Stat. 1921, but in the enactment of the prohibitory liquor law (Comp. St. 1921, sec. 7002 et seq.), under which this prosecution was conducted, a special provision is made that for violations of such law a search warrant shall be issued only by a judge of a court of record or a justice of the peace (section 7009, Comp. Stat. 1921). It is well settled that where a statute is enacted for dealing with a particular subject, it supersedes a general statute which does not refer to the particular subject, although it may contain language broad enough to cover the particular subject if the special statute were not in existence. Citizens State Bank of Vici v. Gettig, 77 Okla. 48, 187 Pac. 217; Muskogee Times-Democrat

312

v. Board of Commissioners of Muskogee County, 76 Okla. 188, 184 Pac. 591.

A police judge is without authority to issue a search warrant in aid of the enforcement of the prohibitory liquor law, and an officer is without authority to make a search under such illegal search warrant, and an objection to the introduction of such evidence should have been sustained. Terry v. State, 31 Okla. Cr. 91, 237 P. 465; Reinhart v. State, 32 Okla. Cr. 109, 240 P. 139; Cook v. State, 33 Okla. Cr. 54, 242 P. 277.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.