ORVAL GARDNER et ux. v. STATE.

No. A-5297.   Opinion Filed May 1, 1926.
(245 Pac. 911.)

Wright & Gill, for plaintiffs in error.

Geo. F. Short, Atty Gen., for the State.

PER CURIAM. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Oklahoma county on a charge of maintaining a place where liquors were kept for the purpose of sale. The evidence upon which a conviction was had was obtained under a search warrant issued by the police judge of Oklahoma City. Under the prohibitory liquor law, a search warrant may be issued only by judges of courts of rec-

ord and justices of the peace (section 7009, Comp. Stat. 1921), and, where a search warrant in a liquor case is issued by a police judge, it is a nullity, and evidence obtained by it should be excluded on timely objection. Terry et al. v. State, 31 Okla. Cr. 91, 237 P. 465; Reinhart v. State, 32 Okla. Cr. 109, 240 P. 139; Cook v. State, 33 Okla. Cr. 54, 242 P. 277. In this case motion to suppress the evidence before entering upon the trial was made, and objection made at the time evidence was interposed.

For the reasons assigned, the case is reversed and remanded, with instructions to dismiss.