## NEWT WHITFORD v. STATE.

No. A-5480.   Opinion Filed Oct. 7, 1926.
(249 Pac. 430.)

188

Matson & Mathers, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. Appellant, Newt Whitford, was convicted upon a charge of having possession of intoxicating liquor with unlawful intent to sell the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $250 and be confined in the county jail for 90 days.

To reverse the judgment appellant assigns as error the insufficiency of the affidavit upon which the search warrant was issued and the invalidity of the search under which all the evidence offered by the state tending to prove the guilt of appellant was obtained; said warrant having issued upon the affidavit made before the police judge of the municipal court of the city of Ardmore, and not by any court or officers authorized to issue search warrants under the enforcement act. Section 7009, C. S. 1921. Under said section the authority to

issue search warrants is specifically delegated to judges of courts of record and justices of the peace.

It was shown by the first witness for the state that he acted under the authority of a search warrant issued by I. H. Best, police judge of the municipal court of the city of Ardmore. The evidence for the state was introduced against proper objection based on the invalidity of the search warrant. At the close of the evidence for the state the court overruled a motion to direct a verdict of acquittal.

It has been repeatedly held by this court that, where a search warrant in a liquor case is issued by a police judge, it is a nullity, and evidence obtained by it should be excluded on timely objection. Terry v. State, 31 Okla. Cr. 91, 237 P. 465; Reinhart v. State, 32 Okla. Cr. 109, 240 P. 139; Cook v. State, 33 Okla. Cr. 54, 242 P. 277; Gardner v. State, 34 Okla. Cr. 183, 245 P. 911.

The first witness for the state further testified that with another officer he went to the defendant's home on West Main street, in Ardmore. The defendant's wife was there, and telephoned for him; that when he came witness showed him the search warrant, and told him they were going to make a search and the defendant said, "All right, go ahead." We do not think that the defendant by this remark waived his constitutional rights.

In Smith v. State, 34 Okla. Cr. 434, 246 P. 1109, we held that—

"A statement by defendant when officers showed her a liquor search warrant to 'go ahead and search' did not waive defendant's constitutional rights, where the search warrant was unlawfully issued, since it is not to be construed as an invitation to search the premises, but rather as a statement of the intention not to resist search under the warrant."

In the opinion it is said:

"The right of the citizen to occupy and enjoy his home, however mean or humble, free from arbitrary invasion and search, has for centuries been protected by every court in the English speaking world from Magna Charta down to the present, and is embodied in every bill of rights defining the limits of governmental power in our own republic.

"The mere fact that a man is an officer, whether of high or low degree, gives him no more right than is possessed by the ordinary private citizen to enter and search the private premises of another for evidence of crime without a legal warrant procured for that purpose."

It follows from what has been said that the evidence challenged in this case was taken by the officers by unlawful search and seizure, and contrary to section 30, Bill of Rights.

The judgment of the lower court is accordingly reversed with directions to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.