## ETHEL HALLMARK v. STATE.

No. A-5779. Opinion Filed March 5, 1927.
(253 Pac. 513.)

Morris & Tant, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was informed against in the county court of Oklahoma county, charged with the crime of maintaining and operating a public nuisance, to wit, that Ethel Hallmark, in the county and state aforesaid, did then and there willfully, unlawfully, and wrongfully maintain and operate the second story of the two-story brick building on 9½ North Broadway, Oklahoma City, said county and state, known and designated as the Hallmark rooms, where intoxicating liquor, to wit, whisky, was kept, bartered, sold, manufactured, given away, and otherwise furnished to divers persons unknown, and where divers persons unknown were permitted to congregate for the purpose of buying and receiving said intoxicating liquor, all to the common nuisance of the public, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma.

To this information the defendant entered her plea of not guilty and filed her motion to suppress the evidence of the state for the reason that the search of her home and premises was made without a valid and legal search warrant. The court ordered the trial to proceed; the jury was impaneled and evidence of the state introduced. At the close of state's testimony, the defendant again renewed her motion to suppress the testimony on the ground that it was procured by means of an illegal search warrant, which was overruled by the court and exceptions duly saved. The defendant was convicted, a motion for a new trial was filed and over-

ruled, and the court imposed a sentence upon the defendant in accordance with the verdict of the jury, fixing her punishment at a fine of $250 and confinement in the county jail for a period of 60 days.

To reverse the verdict and judgment the defendant has appealed to this court. The defendant has assigned six errors committed by the court. The view we take of this case on the evidence introduced by the state, we do not deem it necessary to consider any of the assignments of errors except the fourth, which is as follows:

"Because the court erred in overruling the defendant's motion to strike from the record the testimony of certain witnesses, on the ground that such testimony was illegally and unlawfully obtained by the use of an illegal search warrant."

The substance of the testimony introduced by the state is as follows:

L. W. DeCordova testified: "I am working on the Oklahoma City police department, and was on the 21st day of November, 1924. I know the defendant, Ethel Hallmark. She was running a rooming house on the 21st day of November, 1924. The rooming house was located at 9½ North Broadway, the stairways going up at 7½ and 9½ North Broadway. The upper story was known as the Hallmark rooms. I went with W. V. Brown, George Brigman, Reese Gallion, W. A. Parker, Mrs. Cash, and John Heep to that place on the 21st day of November, 1924. I have been to that place frequently. We found three pints and a half pint of whisky. The half pint we found in one of the rooms, the three pints on Ethel Hallmark's person. The matron searched the defendant, and she hollowed that the whisky was found. She found two pints in her stocking leg and one in her bosom. The reputation of this house was bad. The back of this rooming house opens

down in front of the police station. When we went up there defendant was up there with two babies alone."

George Brigman testified in substance to the same facts as DeCordova. W. A. Parker also testified as to the same facts.

The affidavit for the search warrant and the warrant was introduced showing that the search warrant was issued by O. P. Estes, police judge.

At the conclusion of the state's testimony the defendant renewed her demurrer to the insufficiency of the evidence, which was overruled by the court. The defendant then moved to suppress the testimony and withdraw it from the consideration of the jury on the ground that all the facts about which the witnesses testified were procured through the means of an illegal search warrant and that no sufficient affidavit was made or filed for the purpose of procuring the search warrant; that the search warrant based upon the affidavit was illegally issued. The motion to suppress the testimony was overruled, and defendant duly excepted. The state introduced the affidavit and the search warrant, which show that the warrant was issued by O. P. Estes, Oklahoma City police judge. The question is, Has the police judge the authority to issue a search warrant?

Section 7009, C. O. S., is as follows:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, * * * in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complaint may designate, commanding him to search the premises described

and designated in such complaint and warrant and to seize all such liquor there found," etc.

In Terry et al. v. State, 31 Okla. Cr. 91, 237 P. 465, this court considered the identical question involved in this case, and held that a police judge was without authority to issue a search warrant. As the search warrant in this case was issued by a police judge, we hold that the search warrant was invalid and testimony procured by it was unlawfully procured, and the motion of the defendant to suppress the testimony on the ground that it had been procured by an illegal search warrant and to advise the jury to return a verdict of acquittal should have been sustained.

There being no testimony in the record other than the testimony procured by an illegal search warrant, the case is therefore reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.