SYLVIA BOSWELL v. STATE.

No. A-5578. Opionion Filed March 12, 1927.
(254 Pac. 116.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, Sylvia Boswell, hereinafter called defendant, was informed against in the county court of Oklahoma county, charged with the crime of illegal possession of intoxicating liquor with unlawful, willful and wrongful intent on the part of the defendant to unlawfully, willfully, and wrongfully barter, sell, give away, and otherwise furnish the same to divers persons unknown, contrary to the form of the statute in such cases made and provided. To this information the defendant entered her plea of not guilty and filed her motion to suppress the evidence of the state for the reason that the search of her home, where she and her family resided, was made without a valid and legal search warrant. The motion to suppress the testimony was by the court overruled and the trial ordered to proceed.

The substance of the testimony introduced is that Red Robinson claims to have procured a search warrant from Police Judge O. P. Estes, upon application made by Robinson to search the home of the defendant, which was a five-room house located at 17 West Eighth street, Oklahoma City, Okla., which was occupied by the defendant, her husband, and children. Red Robinson, Claude Tyler, and W. B. Brown claim to have gone to the home and, acting under the authority of the search warrant, claim to have searched the house of the de-

fendant and found therein a small quantity of whisky, between a half gallon and a gallon. The warrant was not introduced in evidence; the only statement we have of the warrant is the testimony of Red Robinson and Claude Tyler, who testified in substance to the same facts as Red Robinson.

There was no testimony introduced by the state except the testimony procured by the witnesses Robinson and Tyler, under and by means of a search warrant claimed by the witnesses to have been issued by a police judge of Oklahoma City, Okla.

The defendant demurred to the evidence of the state on the ground that said evidence is wholly insufficient to prove or establish the crime charged against this defendant, and for the further reason that the evidence introduced was illegally and unlawfully obtained from the private residence of the defendant, Sylvia Boswell, used by her and members of her family as such, and no part of which was used as a hotel, boarding house, shop, place of public resort, place of storage, or place of public resort, and that all of such residence was used as a private home; that all of such evidence was obtained in violation of the constitutional rights of this defendant.

The demurrer of the defendant was overruled by the court and exceptions duly saved. The jury returned a verdict of conviction. A motion for a new trial was filed by the defendant and overruled. The court imposed a sentence upon the defendant in accordance with the verdict of the jury, fixing her punishment at a fine of $50 and confinement in the county jail for a period of 30 days. To reverse the verdict and judgment the defendant has appealed to this court.

The defendant has assigned ten errors alleged to have been committed by the court in the trial of the

case. The view we take in this case on the record, it is not deemed necessary to consider any of the assignment of errors except the second, which is as follows:

"Error of the trial court in overruling objection of the plaintiff in error to the introduction of certain testimony obtained unlawfully, in violation of the said plaintiff in error's constitutional and statutory right, to which ruling of the court the defendant at the time duly excepted, and exceptions were allowed by the court."

Section 7013, Comp. Stat. of 1921, provides as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It is admitted that if there was a search warrant it was issued by the police judge of Oklahoma City. The defendant argues that the search warrant was issued by an officer having no authority to issue a search warrant under the provisions of the Enforcement Act. This contention is well taken. Under the Enforcement Act (section 7009, Comp. St. 1921).

"The authority to issue search warrants is specifically delegated to judges of the courts of record and justices of the peace. A police judge is without authority to issue a warrant for search in connection with the violation of the liquor laws."

If it be true that said witnesses had a search warrant issued by a police judge of Oklahoma City, it was a nullity, and a search predicated upon the authority of such a warrant was illegal. Reinhart et al. v. State, 32 Okla. Cr. 109, 240 P. 1'9; Terry et al. v. State, 31 Okla. Cr. 91, 237 P. 465; Hallmark v. State, 36 Okla. Cr. 236, 253 P. 513.

We hold that the search warrant in this case was

invalid and that the testimony procured by it was unlawfully procured, and was inadmissible; that the demurrer of the defendant to the testimony of the state, on the ground that it was procured by an illegal search warrant was well taken and should have been sustained and the jury advised to return a verdict of acquittal.

There being no testimony in the record other than the testimony procured illegally, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.