# FRED NEWTON v. STATE.

No. A-6490.  Opinion Filed Oct. 17, 1927.
(260 Pac. 84.)

E. E. Ammons, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Fred Newton, appellant, was informed against, tried, convicted, and sentenced to pay a fine of $150 and to be confined in the county jail for a term of 30 days for the crime of unlawful possession of intoxicating liquor.   The judgment and sentence was pronounced October 11, 1926.   From which judgment an appeal was attempted to be taken by filing with the clerk of this court, on February 9, 1927, a petition in error with case-made.

The Attorney General, on September 10, 1927, filed in this court a motion to dismiss the appeal on the ground that—

"The maximum period of time allowed by statute under proper order of the trial court was within 120 days after the rendition of the judgment appealed from. Sec-

tion 2808, C. S. 1921. The 8th day of February, 1927, the 120th day after the rendition of the judgment, fell upon Tuesday."

Section 2808 provides in part as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

In this case the time for filing the appeal in this court expired the day before the petition in error with case-made was filed.

It has been uniformly held that, in order to give this court jurisdiction, the appeal as prescribed by section 2808 must be filed with the clerk of this court within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

For the reason stated, the motion to dismiss is sustained, and the cause remanded to the trial court, with direction to enforce the judgment and sentence.

EDWARDS and DAVENPORT, JJ., concur.