## D. M. SMITH v. STATE.

No. A-6959.   Opinion Filed Dec. 7, 1929.
(283 Pac. 270.)

L. F. Robertson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county on a charge of driving an automobile while under the influence of intoxicating liquor, and was sentenced to serve a term of one year in the state penitentiary.

The record discloses that, at the time charged, the defendant, while operating an automobile, had a collision with another car, and in some 20 or 30 minutes was arrested as being under the influence of intoxicating liquor at the time of the collision.

It is first argued that the evidence is not sufficient to sustain the judgment.   This contention is untenable. Sev-

eral witnesses testified that defendant was intoxicated; that he staggered, was unable to walk straight, and, when taken to the jail, created a disturbance. Defendant testified that immediately after the collision one of the parties in the car with him informed him that he had a pint of liquor, and that they stepped behind a building and defendant drank about two-thirds of it, and that it was the effect of this whisky that was observed by the witnesses. This presents a question of fact which the jury had decided adversely to defendant. The evidence of the state preponderates decidedly. Following the well-settled rule, the verdict of the jury on this point will not be disturbed. Parks v. State, 18 Okla. Cr. 277, 194 Pac. 281; Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 508; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The only other question argued is that the county attorney was guilty of misconduct in his argument to the jury. Several objections were made by counsel for defendant during the closing argument of the county attorney. The court ruled correctly on these objections, in some instances sustaining and in some overruling them. We find nothing inflammatory in the argument which was calculated to prejudicially affect the verdict. Spann v. State, 19 Okla. Cr. 9, 197 P. 531; Tapedo v. State, 34 Okla. Cr. 165, 245 Pac. 897.

The case is affirmed.

DAVENPORT, J., concurs.

CHAPPELL, J., absent, not participating.