## FRED STRONG v. STATE.

No. A-8215.   Feb. 5, 1932.
(8 Pac. [2d] 76.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county of the larceny of an automobile, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

Defendant in his brief says:

"We wish to urge for a reversal of this case our second and third assignments of error:

"Second.   The court erred in overruling the petitioner's objection to going to trial for the reason that the issues in this case had not been joined until the 19th day of January, 1931, and the petitioner was forced to trial on the 21st day of January, 1931, and did not have sufficient time to prepare for trial, duly excepted to at the time.

"Third:   Because the court erred in overruling pe-

titioner's application for a continuance, duly accepted to at the time."

It appears from the record that this action was commenced by the filing of a sworn complaint before the county judge and examining magistrate on July 26, 1930; that defendant was discharged on bond on the same day; that on August 4, 1930, he was held to appear in the district court upon this charge; that an information was filed in the district court on November 29, 1930; that on January 9, 1931, the case was docketed for trial on January 21st, and written notice thereof given the defendant's counsel; that defendant was arraigned on January 17, 1931, at which time he was granted twenty-four hours in which to plead; that on January 19, 1931, defendant pleaded not guilty and for the first time objected to going to trial on January 21st. Defendant then filed his motion for a continuance on the ground that he was not being given sufficient time to prepare for trial. Upon the hearing of this motion, defendant's counsel admitted that on January 9, 1931, he had received notice that the case was set for trial on January 21st. It is apparent, therefore, that counsel for defendant had at least ten days' notice of the date upon which this case was set for trial; that he caused no subpoenas to be issued and made no effort to get ready for trial, although the case had been commenced against the defendant more than six months prior thereto, and had been pending in the district court for more than two months. There is no showing of any diligence upon the part of defendant or his counsel to prepare the case for trial during that period of five months; there is no showing of what any witness would testify to if the case was continued, and the defendant himself did not testify.

It was the duty of the defendant under the state of this record to be ready for trial. Having failed to do so, the court properly overruled his motion for a continuance.

Defendant next contends that the state failed to prove the corpus delicti, or that any automobile was stolen. This contention is not supported by the record.

Defendant next contends that the court erred in failing to instruct the jury on circumstantial evidence. Defendant made no objection to the instructions given by the court, and saved no exception to the same, and requested no instruction on circumstantial evidence.

In Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142, this court said:

"Where the conviction rests wholly upon circumstantial evidence, and the court gave no instruction on the law of circumstantial evidence, and no instruction on this phase of the evidence was requested, the failure to so instruct the jury is not necessarily reversible error." Lumpkin v. State, 5 Okla. Cr. 488, 115 Pac. 478; Merriott v. State, 18 Okla. Cr. 247, 194 Pac. 263; Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

Defendant next complains of misconduct of the county attorney in his argument. There is no proper recital in the case-made to the effect that counsel for the state made any improper argument. All that is found in support of this assignment of error is the statement of counsel for defendant that the county attorney made certain remarks in his closing argument to the jury, which statement reads as follows:

"Mr. Mathers: The county attorney stated in his argument to the jury that they have not attempted to explain why Fred Strong was in possession of this car, to which the defendant objects, as it's prejudicial and incom-

petent, irrelevant and immaterial, and an indirect reference to the defendant's not taking the witness stand."

And the court said:

"The jury will, in no sense, so construe it, and such an attempt would be highly improper, but the jury will disregard any statement made by the county attorney which would, in any way, call attention to the defendant, in so far as his own testimony might be concerned."

It appears from the further argument of the county attorney that he was not referring to the defendant, but to a man named Pettis, who was a witness for the defendant and in possession of the stolen car. Counsel was arguing that, since Pettis was the defendant's witness, it was the duty of the defendant to have him explain his connection with the car.

This court has repeatedly held that the county attorney has a right to refer to the evidence and make deductions therefrom, to urge upon the jury the truth or falsehood of the testimony given in the case. Bouie v. State, 9 Okla. Cr. 345, 131 Pac. 953; Spann v. State, 19 Okla. Cr. 9, 197 Pac. 531.

A careful examination of the record discloses that the evidence supports the verdict of the jury, and that no fundamental error was committed in the trial of the case.

The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.