## MRS. R. W. WATSON v. STATE.

No. A-8946.   Feb. 21, 1936.
(54 Pac. [2d] 1097.)

Grady S. Cornett, for plaintiff in error.

The Attorney General and H. O. Bland, E. M. Gallaher, Milton Hardy, and Carl Ravis, for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the municipal criminal court of the city of Tulsa, and was sentenced to pay a fine of $300 and to serve 30 days in the county jail.   Defendant was in charge of certain light housekeeping rooms in an apartment house in Tulsa and resided in a portion of the apartment.   Officers, with a search warrant, searched one of the rooms other than that in which she lived and found 197 pints of whisky and 17 quarts of gin. Defendant furnished them with a key with which they entered the room in which this liquor was found in a secret cache in the floor.   She denied ownership or possession of this liquor, and a witness testified he was an employee of defendant and had rented this particular room to the usual mysterious stranger whom he did not know and who, according to defendant's theory, must have owned the liquor.   The jury evidently did not believe this explanation.   We are of the opinion they were justified in disbelieving it.

Defendant contends the evidence is insufficient to sustain the judgment.   He argues that the judge of the municipal court of Tulsa was without authority to issue a search warrant and the evidence obtained thereby should not be considered, evidently relying on a line of cases from this court construing section 7009, C. O. S. 1921 (section 2635, O. S. 1931), which in substance authorizes only a justice of the peace or a judge of a court of record to issue a search warrant in liquor cases and which cases hold a police judge is without authority to issue a search warrant in such a case.   Terry v. State, 31 Okla. Cr. 91, 237 Pac. 465, Reinhart v. State, 32 Okla. Cr. 109, 240 Pac. 139, and authorities therein cited.   Counsel must have been moved to make this contention by reason of the fact the entire proceedings were conducted about as a police

court proceeding. The contention is untenable, however, for the act creating the municipal criminal court of Tulsa, sections 6512, 6513, Okla. Stat. 1931, makes such municipal court a court of record. It therefore falls within the terms of section 2635, O. S. 1931, and the judge has authority to issue a search warrant in liquor cases. The evidence is ample to sustain the judgment.

Complaint is also made that the court did not instruct on the law of circumstantial evidence. No request for such instruction was made nor was any exception taken to the instructions given. It is not error to fail to instruct on circumstantial evidence when not requested. Newcomb v. State, 23 Okla. Cr. 172, 173, 213 Pac. 900; Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142; Strong v. State, 53 Okla. Cr. 99, 8 Pac. (2d) 76. Several other matters are urged to some extent in the brief, but none have any particular merit and do not require discussion.

The jury did not fix a punishment, but left same to the court, who sentenced defendant to pay a fine of $300 and to serve 30 days in the county jail. He then announced he would suspend the jail sentence, and in his formal journal entry of judgment did attempt to suspend the jail sentence. Just where the court derived his authority to suspend a requirement of the law and to impose a less punishment than the law provides (see section 13774, Okla. Stat. 1931), we are not informed. The attempt to do so is without authority of law. Ex parte McClure, 6 Okla. Cr. 241, 118 Pac. 591.

The judgment is modified by striking therefrom the part attempting to suspend the jail sentence. As modified, the case is affirmed.

DAVENPORT and DOYLE, JJ., concur.