## W. L. KING v. STATE.

No. A-9692.   Nov. 16, 1939.
(96 P. 2d 95.)

R. N. Linville, of Elk City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J.   W. L. King, appellant, was informed against, tried, convicted and sentenced to pay a fine of $100 and be confined in the county jail for 30 days for the crime of unlawful possession of intoxicating liquor. The judgment and sentence was pronounced April 14, 1939. From which judgment an appeal was attempted to be taken by filing with the clerk of this court on July 6, 1939, a petition in error with case-made.

The Attorney General, on August 17, 1939, filed in this court a motion to dismiss the appeal, for the reason:

"That from said date the defendant had 60 days within which to appeal from said judgment, and that for good cause shown he could have obtained an additional 60 days but that he did not ask for, nor receive, an order extending the time within which to appeal; and that, as shown by the record, said appeal was not filed until July 6, 1939, more than 60 days from the date of the entering of the judgment and sentence."

Attached to said motion is a duly attested certificate of the trial judge, wherein he states:

"That said case-made, signed and settled herein on the 12th day of May, 1939, is true and correct and that the orders shown in said case-made are the only orders made and entered by said court, that the said county court of Washita county made no order herein granting an exten-

sion of time in said case in which to file an appeal beyond the time allowed by statute, that no application was made for such order herein."

The Code of Criminal Procedure provides in part as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days." Section 3192, Sts. 1931, 22 Okla. St. Ann. § 1054.

It has been uniformly held that, in order to give this court jurisdiction, the appeal as prescribed by section 3192, supra, must be filed with the clerk of this court within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Newton v. State, 38 Okla. Cr. 217, 260 P. 84.

For the reason stated, the motion to dismiss is sustained, and the cause remanded to the trial court, to enforce its judgment and sentence.

BAREFOOT and DAVENPORT, JJ., concur.