## IVA ESTES v. STATE.

No. A-10073.   Feb. 25, 1942.

(123 P. 2d 288.)

Laynie W. Harrod, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

PER CURIAM.   Defendant, Iva Estes, was charged in the court of common pleas of Oklahoma county with the crime of maintaining and operating a public nuisance, was tried before a jury, found guilty, and punishment fixed by the court at a fine of $50 and 30 days' imprisonment in the county jail, and she has appealed to this court.

The Attorney General has filed a motion to dismiss this appeal for the reason that the same was not filed within a period of 120 days from the date of judgment. An examination of the record discloses that the judgment and sentence was rendered on the 15th day of January, 1941, and the case-made with petition in error attached was not filed until May 17, 1941, 122 days after the judgment rendered in the court of common pleas of Okla-

homa county. Defendant has therefore failed to comply with the provisions of Oklahoma Statutes 1931, section 3192, O. S. A. Title 22, § 1054, which is as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

It has been uniformly held that, in order to give this court jurisdiction, the appeal as prescribed by the section above quoted must be filed with the clerk of this court within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95.

For the reason above stated, the motion to dismiss the appeal should be sustained, and it is so ordered.