### JIM WILKERSON v. STATE.

No. A-10208. March 3, 1943.

(134 P. 2d 998.)

Holmes H. Colbert, of Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. The information in this case charged the defendant, Jim Wilkerson, with having on the 4th

day of July, 1941, in Murray county, possession of 12 pints of intoxicating tax-paid liquor, with the unlawful intention then and there of selling, bartering, giving away and otherwise furnishing the same to others. Upon his trial the jury found him guilty, and assessed his punishment at confinement for thirty days in the county jail and to pay a fine of $75. Motion for new trial was duly filed and overruled.

The judgment and sentence was pronounced August 27, 1941, from which judgment an appeal was attempted to be taken by filing with the clerk of this court on January 5, 1942, a petition in error with case-made.

The record shows that the case-made herein was signed and settled on the 15th day of December, 1941, and was filed in the lower court on said day, but said appeal was not filed in this court until January 5, 1942, more than 120 days from the date of the entering of the judgment and sentence.

The Code of Criminal Procedure provides in part as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 3192, Sts. 1931, 22 Okla. St. Ann. § 1054.

In the case of King v. State, 68 Okla. Cr. 145, 96 P. 2d 95, we said:

"It has been uniformly held that, in order to give this court jurisdiction, the appeal as prescribed by section 3192, supra, must be filed with the clerk of this court within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a

transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Newton v. State, 38 Okla. Cr. 217, 260 P. 84."

And see Swink v. State, 64 Okla. Cr. 466, 82 P. 2d 316.

For the reason stated in the cases cited, construing the foregoing statutory provision, we are of the opinion that this court is without jurisdiction to entertain this appeal on its merits, and that the only jurisdiction possessed by this court upon the record before us is to dismiss the attempted appeal.

Unquestionably it is the duty of a court of last resort to see to it that a person convicted of crime was accorded a fair and impartial trial, and the enjoyment of every legal right. However, to secure this determination by a court of last resort, an appeal must be taken in the manner prescribed by law.

In the instant case, the testimony taken upon the motion to suppress the evidence establishes the fact that the complaint and affidavit for a search warrant was filed with M. J. Pavlovitch, police judge of the city of Sulphur, and he issued the search warrant thereon.

It has been repeatedly held by this court that, where a search warrant in a liquor case is issued by a police judge, it is a nullity, and evidence obtained by it should be excluded on timely objection. Whitford v. State, 35 Okla. Cr. 187, 249 P. 430; Boswell v. State, 36 Okla. Cr. 265, 254 P. 116; Hallmark v. State, 36 Okla. Cr. 236, 253 P. 513.

Thus, it appears that the defendant was not accorded a fair trial, in the due and orderly course of the law. However, upon the record in this case, for the reasons

stated, this court is powerless to remand the case for any other proceeding other than to enforce its judgment.

The power to grant reprieves, commutations, paroles and pardons is vested in the Governor of the State. Const. Okla. St. Ann. art. 6, § 10. What has been said is a matter that may be urged in an application for executive clemency.

For the reasons stated, the purported appeal is hereby dismissed, and the cause remanded to the trial court with direction to cause the judgment to be carried into execution.