## W. B. CRUSE v. STATE.

No. A-10838.  Jan. 28, 1948.

(187 P. 2d 235.)

C. C. Williams, of Poteau, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Joseph W. Foster, County Atty., of Poteau, for defendant in error.

BAREFOOT, P. J. The defendant W. B. Cruse was charged in the county court of Le Flore county with the offense of contributing to the delinquency of a minor; was tried, found guilty and his punishment fixed at 60 days in the county jail and a $200 fine, and appeal has been filed.

Defendant was tried before a jury, and verdict of guilty returned on September 25, 1946. On motion of the defendant, sentence was postponed until October 14, 1946, and on that date defendant filed a motion for new trial, which motion was overruled and defendant was sentenced. He gave notice of appeal, and was released on bond.

There appears in the case-made an order extending time to prepare and serve the case-made, which order is dated December 5, 1946, allowing the defendant 30 days additional time to perfect his appeal. On the same day, December 5, 1946, the case-made was served on the county attorney, the usual stipulation was signed by the attorneys, and the case-made was signed and settled by the trial judge, but was not filed (with petition in error) with the Clerk of the Criminal Court of Appeals until February 21, 1947, 129 days after the date of judgment.

The Attorney General has filed a motion to dismiss the appeal on the ground that the same was not taken within the time allowed by the statute. To this motion

the attorney for defendant has filed a response, in which he admits that the appeal was not filed within the time allowed by law, but states that he, the attorney, became ill and the delay was unavoidable.

As this court has said upon numerous occasions, we are reluctant to dismiss appeals in criminal cases, and will not do so upon technicalities, but when the appeal has not been filed within the time prescribed by law, this court does not have jurisdiction to consider the appeal.

Tit. 22, O. S. 1941 § 1054 provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

This section of the statute, prescribing the manner in which an appeal can be taken, is mandatory, and a failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal. Green v. State, 7 Okla. Cr. 5, 129 P. 1037, and numerous later cases.

There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Howey v. State, 9 Okla. Cr. 453, 132 P. 499; Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998; Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120, and many other cases.

Petition in error and case-made not having been filed in this court within 120 days after the rendition of judgment, this being a misdemeanor conviction, the motion

of counsel for the state to dismiss the attempted appeal must necessarily be sustained.

The attempted appeal herein is therefore dismissed, and the cause is remanded to the trial court, with directions to enforce its judgment and sentence.

JONES and BRETT, JJ., concur.