## JACK LINCOLN v. STATE.

No. A-10836. May 13, 1948.

(193 P. 2d 618.)

R. O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Jack Lincoln, was charged in the court of common pleas of Oklahoma county of the offense of illegal possession of whisky, was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $50 and has appealed.

The evidence showed that two deputy sheriffs armed with a search warrant directing them to make a search of room No. 359 in the Alexander Hotel of Oklahoma City, went to the hotel on August 30, 1946, to make a search of said room.   The defendant, who was the manager of the hotel was present and accompanied the officers upstairs to room No. 359.   When they arrived at the room they found it locked with a padlock.   The officers asked the defendant for the key to the padlock, but the defendant said that he did not know whether he could find the key and one of the officers accompanied the defendant back to the hotel desk to try to get the key. While they were gone, the remaining officer pried the hasp off the door and had entered the room.   In one of

the chest of drawers the officers found 18 pints of whisky and six pints of gin. When the liquor was discovered by the officers, the defendant stated that there was not any use to look any further, that that was all the liquor there was. The officers then tried the key in the padlock which had been given to them by the defendant and it opened the lock.

The defendant testified in his own behalf that he was at the hotel when the officers arrived, but was not present at the desk; that a girl who was staying at the hotel called him to the desk, but Mr. Kolb, one of the officers, had already gone upstairs; that when Kolb asked him for the key to room 359, he said he would have to go back to the desk after it and when he returned with the key he found Mr. Kolb already had broken into the room.

The defendant then testified:

"Q. And did you make any statement up there? A. I said, 'that must be all of it'. He looked through the drawers and under the mattress and on the floor and into everything he could; and I said, 'that must be all of it'. Q. Why did you make that statement? A. (no reply). Q. Was it in the interest of preserving the hotel property at the time? A. Well, I figured that was all of it."

The defendant then testified that the room had been rented on that day to a man named John Walters, who rented the room and remained about two hours before leaving. He introduced in evidence the receipt allegedly given to Walters for the sum of $2 as payment of the rent for the room. The receipt was undated. The receipt read:

" 'August 29th to 31st. 1946. Received from John Walters $2.00 room 359. $2.00 Jack Lincoln' "

In this connection the defendant testified:

"Q. Now, who wrote out this receipt? A. I did. Q. When did you write it? A. I believe it was on the 30th. * * * Q. Do you put all your receipts that way? A. Yes. Q. Don't you put any dates on them? A. I don't know what you mean? Q. The receipt is not dated? A. That is all right. I didn't mark on it—it says: 'August 29th to 31st.' Q. This space at the top. There is a place for the date to be written in? A. Yes. Q. Did you write that on August 29th or 31st? A. Must have been on the 29th. Q. You said that he moved in the 30th? A. I write them that way to tell when they went in? Q. What was the rent for? A. $6 a day. Q. And you say that he moved in there that day? A. Yes. Q. And you know he wasn't there the day before? A. Yes, sir. Q. And you didn't write it, then, on the 29th? A. Probably not."

The defendant denied owning the whisky and said he did not know to whom it belonged. The defendant admitted that he had formerly been convicted for illegal possession of intoxicating whisky.

In rebuttal Officer Kolb testified that room 359 gave no evidence of occupancy. He stated that the bed was made and there were no articles of personal property in the room other than the bed and dresser. He further testified that the defendant did not mention that the room was rented to Walters or any other person while the officers were there.

No question as to the validity of the search is presented but counsel for defendant contend that the evidence is wholly insufficient to sustain the conviction.

The evidence of the state was sufficient to make a prima facie case requiring the submission of the issue of defendant's guilt to the jury. The defendant was manager of the hotel and had the key to the room in his

possession. These facts alone, while suspicious circumstances, would not be sufficient to sustain a conviction, but when coupled with the other evidence which showed that the defendant at first refused to get a key for the room but then later produced a key that opened the lock, coupled with the admission by the defendant to the officers when the whisky was found that it was useless to search any further, they had found all of the whisky, makes a damaging case against the accused. This statement admittedly made by the defendant showed a knowledge on the defendant's part that the whisky was in the room. His explanation as to the alleged occupancy of the room was weak and filled with contradictions. The jury was justified in returning the verdict which they rendered.

This court is committed to the rule that the Criminal Court of Appeals will not interfere with the verdict of a jury on the ground that the evidence is insufficient to sustain the conviction, unless the record affirmatively discloses that there is no competent evidence in the record upon which the verdict could be based. Sheehan v. State, 83 Okla. Cr. 41, 172 P. 2d 809.

It is further contended that the court erred in failing to give an instruction on circumstantial evidence. No instruction on circumstantial evidence was requested by defendant. Apparently, the court and counsel each assumed that the admission by the defendant concerning the whisky was direct evidence, and since the rule is established that no instruction on circumstantial evidence should be given, unless all of the evidence is circumstantial, none was given.

We think the statement by the defendant concerning the whisky was insufficient to amount to a direct

confession of guilt, but the admission was merely another strong circumstance tending to show his guilt, and an instruction on circumstantial evidence would have been entirely proper.

It has been held that the failure to instruct on circumstantial evidence does not constitute error when such instruction is not requested. Newcomb v. State, 23 Okla. Cr. 172, 173, 213 P. 900; Klaber v. State, 35 Okla. Cr. 238, 250 P. 142; Strong v. State, 53 Okla. Cr. 99, 8 P. 2d 76.

Lastly, it is contended that the case should be reversed because of alleged improper and prejudicial remarks made by the prosecuting attorney in his closing argument to the jury. The record does not support this assignment of error.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.