## FRANK JEROME v. STATE.

No. A-4386.    Opinion Filed Oct. 25, 1924.

(229 Pac. 527.)

(Syllabus.)

1.    **Intoxicating Liquors—Information for Unlawful Possession of Fermented Liquor Held Fatally Defective.** An information for unlawful possession of fermented liquors, alleged to be a preparation or compound containing as much as one-half of 1 per cent. of alcohol, measured by volume, and not a preparation compounded by any licensed pharmacist, is fatally defective, which omits to allege that the same is capable of being used as a beverage.

2.    **Indictment and Information—Necessary Definiteness of Allegations as to Offense.** The allegations in an information should be definite, direct and certain as to the offense intended to be charged.

3.    **Same—Information Demurrable for Contradictory Allegations.** Since the offense must be proved in substance as charged, an information containing contradictory and repugnant allegations is demurrable.

Appeal from County Court, Noble County; E. W. Jones, Judge.

Frank Jerome was convicted of the unlawful possession of fermented liquors, and he appeals. Reversed and remanded, with directions.

D. H. Hunnicutt, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.    The amended information in this case charges that the defendant, Frank Jerome—
"on or about the 17th day of February, 1922, did have in his possession certain fermented liquors, to wit, about 100 gallons of a preparation or compound, commonly called 'mash,' the same containing then and there more than one-half of 1 per cent. of alcohol, measured by volume, and the same not being a preparation compounded by a licensed pharma-

cist, with the intent on the part of him, the said Frank Jerome, to manufacture and make therefrom whisky, contrary to," etc.

Upon his trial, the jury returned a verdict finding him guilty, and fixing his punishment at confinement in the county jail for 100 days and a fine of $300. He has appealed from the judgment rendered upon the verdict.

It appears from the record that the original information charged that the defendant, Frank Jerome, did have in his possession about 100 gallons of intoxicating liquor, containing more than one-half of one per cent., measured by volume, of alcohol with the unlawful intent to sell the same. When the case was called for trial, the defendant interposed a demurrer thereto, which was sustained and leave granted to file an amended information, which was immediately filed. To the amended information the defendant interposed a demurrer on the grounds that it does not state facts sufficient to constitute a public offense; that the act charged as the offense is not clearly and distinctly set forth in such a manner to enable a person of common understanding to know what is intended; that the act charged as the offense is not clearly and distinctly set forth with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. The demurrer was overruled and exception allowed.

The overruling of the demurrer is the first error assigned. The information was evidently drawn under section 7002, Comp. Stats. 1921, as section 1, c. 42, Session Laws of 1923, 1924, making it unlawful "to manufacture, ferment, or possess, any compound mixture, mash, wort, or wash fit for distillation," was not in effect when this prosecution was instituted.

The amended information predicated upon said section 7002, should have alleged that said compound or preparation, as alleged, was capable of being used as a beverage. In the absence of this essential allegation, the information is not sufficiently definite, direct, and certain as. to the offense intended to be charged.

It is alleged that he did have in his possession certain fermented liquors, same being "a preparation or compound," containing more than one-half of 1 per cent. of alcohol; it then alleges a special intent to manufacture and make therefrom whisky. It may be the pleader intended to charge an attempt to manufacture whisky instead of unlawful possession of intoxicating liquor, with intent to violate provisions of the prohibitory liquor law; as it is the allegations are contradictory, and the information is ambiguous, uncertain, and defective in its allegations. It follows that the court erred in overruling the demurrer thereto.

The judgment of conviction is reversed, and the cause remanded, with direction to the court below to sustain the demurrer to the amended information.

MATSON, P. J., and BESSEY, J., concur.