## REESE SMITH et al. v. STATE.

No. A-5057.  Opinion Filed July 21, 1925.
(238 Pac. 233.)

J. H. Hays, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges:

"That Reese Smith, Marvin Smith, Lester Harvey, Bunk Green, Jess Smith, and Ab Moore, did, in Love county, and in the state of Oklahoma, on or about the 28th day of November in the year of our Lord, 1923, and anterior to the presentment hereof, commit the crime of having sour mash in their possession in the manner and form as follows, to wit: That on the day and year aforesaid, and in the county and state aforesaid, the said Reese Smith, Marvin Smith, Lester Harvey, Bunk Green, Jess Smith, and Ab Moore, each of them acting together, did then and there unlawfully, knowingly, and wrongfully have in their possession 38 barrels of sour mash; the said sour mash mentioned aforesaid being then and there fit and intended to be used in the manufacture of intoxicating liquors, and containing more than one-half of one per cent. of alcohol by volume, with the unlawful intent on the part of them, the said Reese Smith, Marvin Smith, Lester Harvey, Bunk Green, Jess Smith, and Ab Moore, to violate the prohibitory liquor laws of the state of Oklahoma, contrary to," etc.

On the trial, the jury returned a verdict finding the defendants Reese and Lester Harvey guilty as charged in the information, and fixing the punishment of each at a fine of $50 and 30 days in the county jail.   To reverse the judgment they appeal.   The errors assigned question the sufficiency of the information and the sufficiency of the evidence to support the verdict.

Upon   arraignment, the defendants   interposed a demurrer to the information on the ground that it does

not state facts sufficient to constitute a public offense. The demurrer was overruled, and exception allowed.

The information was evidently drawn under section 7002, C. S. 1921, as section 1, c. 42, Session Laws of 1923-24, approved March 22, 1924, making it unlawful "to manufacture, ferment or possess, any compound mixture, mash, wort or wash fit for distillation," was not in effect when this prosecution was instituted.

An information based on said section 7002 should have alleged that the so-called sour mash was capable of being used as a beverage. In the absence of this essential allegation, the information is not sufficiently definite, direct, and certain as to the offense intended to be charged. The information and judgment both designate the offense as unlawful possession of sour mash. It may be the pleader intended to charge an attempt to manufacture whisky instead of an unlawful possession of sour mash As it is, the information is unsufficient, and the demurrer thereto should have been sustained. Jerome v. State, 28 Okla. Cr. 131, 229 P. 527; Cox v. State, 30 Okla. Cr. 413, 236 P. 436; Seay v. State, 29 Okla. Cr. 189, 233 P. 766.

Because the information is insufficient to charge an offense, the judgment of the lower court is reversed, and the cause remanded, with direction to sustain the demurrer to the information.

BESSEY, P. J., and EDWARDS, J., concur.