## G. H. PHELPS v. STATE.

No. A.-5250.   Opinion Filed March 20, 1926.
(244 Pac. 452.)

John V. Roberts, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiff in error, G. H. Phelps, here referred to as the defendant, was found guilty of having illegal possession of whisky, with his punishment fixed at a fine of $500 and 90 days in jail.

The evidence shows that the defendant was the owner of a garage, filling station, and general merchandise store in Longdale, Blaine county; that he was personally in charge of the filling station and store, but that the garage portion of the premises had been leased to another; that the sheriff and a deputy went to these premises, and made a search, under authority of a search warrant; that they found nothing at the filling station; that in the store proper they found two jugs and one small bottle, each containing about one teaspoonful of what the officers identified as whisky; that a search of the garage disclosed nothing, but, leading from this garage to the adjoining premises, the officers found a well-beaten path, at the end of which was a shed, where they found seven or eight gallons of whisky.

No briefs have been filed in this case from which we may conclude that there is no vital or fundamental error in the record. An examination of the record discloses that the information was sufficient; that the in-

structions were fair; and that the evidence as a whole supports the verdict.

The defendant objected to the introduction of the whisky seized on the adjoining premises and the testimony relative thereto, for the reason that the place where it was found hidden was not in the description of the place to be searched, as recited in the search warrant. The court sustained this objection. This ruling was erroneous, but was favorable to the defendant.

The right to immunity from an unauthorized search and seizure, and its consequences, is a personal right, extending only to the home or place of business and its curtilage. The defendant had no right to object to a search and seizure made on adjoining and vacant premises belonging to another. If such search and seizure was illegal, the right to object could be claimed only by the one whose premises had been invaded.

The finding of this large quantity of whisky on premises adjoining the defendant's, the path leading thereto, the containers with their residue of whisky found in the defendant's possession, the bad reputation of the place, as testified to by a number of witnesses, and the statements of the defendant himself, made on cross-examination—all lead to the conclusion that the verdict was justified.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.