# GEORGE HARDY v. STATE.

No. A-5505.   Opinion Filed June 7, 1926.
Rehearing Denied Sept. 18, 1926.
(248 Pac. 874.)

B. C. Franklin, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, George Hardy, here designated the defendant, was charged with the illegal possession of one-half gallon of whisky, with the unlawful intent to barter and sell the same in violation of the prohibitory laws of this state.   By verdict of the jury he was found guilty as charged, with the penalty fixed at a fine of $500 and 180 days in jail.

The evidence shows that several peace officers went to the home of the defendant, and under authority of a search warrant searched the premises and found nothing; that as they approached the residence the officers observed the defendant standing at or near the corner of a house adjacent to his home; that there was a wire netting fence between the two houses and an open space of gate and a well-worn path leading from one house to

the other. After defendant's residence had been searched the officers searched the adjoining house and premises and found a jug of whisky concealed in an ash heap. They also found certain openings in the floor of this second house, and one of the officers went underneath and found a shelf constructed between the joists and on this shelf several quart bottles of whisky. The defendant was immediately placed under arrest, and, according to the testimony of one of the officers, made statements indicating that the liquor found belonged to him. It was also developed in evidence that this house in which the liquor was found had previously been in the possession of the defendant, but at the time of the raid, according to the defendant's claim, was not in his possession or under his control. It seems that this house was a sort of "squatter's" house, or temporary residence for first one person and then another. It was partly furnished, and at one time a brother of the defendant, and at another time his sister, had lived there.

The defendant urges that the search warrant was predicated upon an insufficient affidavit. While the affidavit was not a model in form or substance, it did state in positive terms that the place described was a place where intoxicating liquor was being manufactured, sold, bartered, and given away in violation of law, and where it was kept in storage for such purposes; that it was a private residence that was being used as a place of public resort and for the storage and furnishing of intoxicating liquors. We think that the affidavit was sufficient to meet one of the tests heretofore announced—namely, that if the averments therein contained were false it would furnish a basis for a perjury charge. Howell v. State, 33 Okla. Cr. 292, 243 P. 997; Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

We also think that the allegation that the place was a place of public resort and a place where liquor

was kept for illegal distribution, distinguishes this case from the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249, and the holding in that case does not, therefore, apply.

The objection to the introduction of evidence procured by this search and seizure was properly overruled for another reason. The immunity from prejudicial consequences of an illegal search and seizure is a personal one, pertaining to the property, person, and effects of the accused only. The defendant has no right to complain of an illegal search and seizure on the premises of another, even though evidence to be used against him be there obtained. Phelps v. State, 33 Okla. Cr. 380, 244 P. 452.

Notwithstanding the fact that the liquor was not found upon the premises described in the search warrant, we think the jury were amply justified in finding that it did belong to the defendant, and that it was being kept there for an unlawful purpose.

All of the issues raised by the evidence were exceptionally well stated in the court's instructions to the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.