## FRANK KLABER et al. v. STATE.

No. A-5662.    Opinion Filed Oct. 30, 1926.
(250 Pac. 142.)

Carter & Carter, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiffs in error, here designated the defendants, were convicted of the illegal possession of whisky, with punishment of each fixed by jury at confinement in jail for six months; and payment of a fine of $500.

This conviction rests upon evidence obtained by means of a search and seizure, based upon an affidavit reciting that the affiant "has probable cause to believe, and does believe, that intoxicating liquors are kept for the purpose of sale * * * by Frank Klaber, in the Orpheum Theater Building Cook Confectionery."

The Cook Confectionery was operated in a front corner room of the Orpheum Theater building by the defendants jointly. The operation of the confectionery business, including the basement room underneath the confectionery portion of the building or adjacent thereto, was used as a place to store syrups and soda fountain products. The theater proper had been closed for some weeks. The officers found the defendant Klaber in the confectionery dispensing drinks, and apprising him that they were there with a search warrant to search the place. The defendant offered no resistance and told the officers to go ahead. No intoxicating liquor was found in the confectionery or basement. The officers then went through an open side door of the theater, located near the rear part of the confectionery, leading off from a narrow passageway between the theater and an adjoining building. At the rear or stage end of the theater the officers found several bottles of red whisky and also found more whisky under the rear steps. The officers say they had previously seen the defendants passing in and out of the side door of the theater, and recited some

other facts that might indicate that the defendants were licensees in the theater part of the building. The defendants denied ownership in the liquor or any knowledge of its existence there.

The record indicates that this prosecution may not have been entirely free from passion or prejudice. A prosecution for the same offense was commenced by the former county attorney, and later by him dismissed. The new information in this case was filed by a succeeding county attorney. At one time the feeling growing out of this case was such that certain officers of the court came to blows.

Where peace officers enter upon the premises of another and apprise the owner that they have a search warrant and are there to search the premises, the fact that the owner interposes no resistance, or tells the officers to go ahead, or uses some expression of like import, does not constitute a waiver of the owner's right to immunity from the consequences of an illegal search or seizure. The warrant, in this instance, constituted no authority to search because it was based purely upon information and belief. The defendant, however, had no grounds to object to the liquor found for the reason that it was found and taken from the premises of another. The right to immunity from the consequences of an illegal search and seizure belongs to the person, effects, and premises of the accused, and he has no right to complain of the officers' trespass upon the premises of a stranger. Williams v. State, 35 Okla. Cr. 171, 249 P. 433.

This conviction rests wholly upon circumstantial evidence tending to show that, because the defendants had access to this unused theater, and they passed in and out through the side door at will, the liquor found probably belonged to them. The court gave no in-

struction on the law of circumstantial evidence, and no instruction on this phase of the evidence was requested.

The court, over the exceptions of the defendant, gave the following instruction:

"You are instructed that, under the law of this state, the possession of more than one quart of whisky is prima facie evidence that the possessor thereof intends to barter, sell, give away, or otherwise furnish the same in violation of law. That is, when the possession of more than one quart of whisky has been proved to your satisfaction beyond a reasonable doubt, it is then incumbent upon the part of the possessor to introduce evidence sufficient to create a reasonable doubt in the mind of the jury of the intention of the possessor to barter, sell, give away, or otherwise furnish the same in violation of law."

This instruction was erroneous, amounting to the shifting of the burden of proof to the defendants. Assuming that possession of the whisky by the defendants was proved, there were two presumptions for the consideration of the jury, the presumption of innocence, and a contrary statutory presumption or inference arising from the possession of an excessive quantity. In the case of Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071, it was held that an instruction like this was reversible error. The evidence in its entirety, including all of the presumptions, should, as a whole, be submitted to the jury. The Sellers Case, supra, contains an exhaustive review of authorities from various sources on this question, and the principle there announced has since been followed by this court in a long unbroken line of decisions, the more recent of which are here noted: Committi v. State, 28 Okla. Cr. 380, 231 P. 316; Williams v. State, 25 Okla. Cr. 284, 220 P. 667; Phipps v. State, 29 Okla. Cr. 51, 232 P. 125.

The judgment of the trial court as to both defendants is reversed and the cause remanded.

DOYLE and EDWARDS, JJ., concur.