## MINNIE P. VALE v. STATE.

No. A-6540. Opinion Filed May 18, 1929.
(277 Pac. 608.)

Frank B. Grant and James O. Lynch, for plaintiff in error.

Roy R. Carver, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted of having possession of whisky and her punishment fixed by the jury at a fine of $150 and confinement in the county jail for a period of 90 days.

Upon application for search warrant by the affidavit of George F. Long, a search warrant was duly issued, and the officers conducting the search found three quarts of whisky in room 3 of the Almeda rooms. The defendant was conducting said rooming house at the time and was found in the room where the whisky was seized. The officers arrested the defendant; she was convicted of having possession of the whisky, and now prosecutes her appeal to this court.

The first assignment of error questions the sufficiency of the affidavit for search warrant. The defendant contends that the facts as stated in the affidavit could not have been known by the affiant and contests the accuracy of said affidavit.

This court has recently passed upon this precise question in the case of Frank Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, in which case this court laid down the rule that:

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

The defendant further complains that the search was illegal because the liquor was not found in the room of the defendant, but in the room of another person who had rented the room in which the whisky was found. This court has repeatedly held that the immunity guaranteed by the Constitution against unreasonable searches is personal and that the defendant cannot be heard to complain of an unreasonable search or seizure as against another person. Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142; Williams v. State, 35 Okla. Cr. 172, 249 Pac. 433; Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052.

The defendant next contends that the evidence was insufficient to support the verdict of the jury. The jury heard the evidence, saw the witnesses, and was able to observe their demeanor and to judge of their credibility. They evidently believed the witnesses of the state and disbelieved the story of the defendant. The judge who presided at the trial passed on the motion for new trial and denied the same. There is sufficient evidence in the record if believed by the jury to justify the verdict of guilty. Defendant assigns other errors, but they are without merit. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.