JACK HUNTER et al. v. STATE.

No. A-6545.  Opinion Filed May 18, 1929.
(277 Pac. 952.)

See, also, 43 Okla. Cr. 136, 277 Pac. 953.

J. Q. A. Harrod, for plaintiffs in error.

W. P. Morrison, Co. Atty., for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendants, were convicted of having possession of a still, and their punishment fixed as follows: Jack Hunter and Dan Hunter each fined $150 and sentenced

to five months in the county jail; C. M. Hunter, $50 fine and 30 days in jail.

The state offered no competent testimony against the defendants Dan Hunter and C. M. Hunter tending to connect them with the ownership and possession of the still found on the premises of C. M. Hunter. The court erred in overruling the motion of the defendants Dan Hunter and C. M. Hunter to advise the jury to find the defendants not guilty. The defendant Jack Hunter took the witness stand in his own behalf and admitted that he had possession of the still. He sought to explain that possession by saying he found it in a canefield near his father's house; but the jury believed the testimony of the state, and not the explanation of the defendant.

The evidence of the state and the defense both disclose that C. M. Hunter was the owner of the premises searched. The uniform holding of this court has been that the immunity guaranteed by the Constitution against unreasonable searches is personal. An accused will not be heard to object that the search of the premises of some third person is a violation of his constitutional right. Since the defendant Jack Hunter was neither the owner nor in possession of the premises searched, he cannot raise the question of the illegality of the search and seizure proceedings, nor object to the introduction of the evidence obtained by such search. The evidence of the case is sufficient to support a verdict of guilty against the defendant Jack Hunter, and the cause as to him is therefore affirmed.

There being no evidence to support the verdict of guilty against the defendants Dan Hunter and C. M. Hunter, the cause as to them is reversed, with instructions to dismiss the case as to the two last-named defendants.

EDWARDS, P. J., and DAVENPORT, J., concur.