### MRS. EMMA MURN v. STATE.

No. A-6511. Opinion Filed May 25, 1929.
(277 Pac. 684.)

A. C. Sewell, for plaintiff in error.

W. E. Gotcher, Co. Atty., and Robt. J. Bell, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county upon the charge of having possession of intoxicating liquor, and her punishment fixed at a fine of $100 and imprisonment in the county jail for 60 days. Motion for new trial was filed, overruled, exceptions saved, and the case appealed to this court.

The first objection of the defendant is that the evidence is insufficient to support the verdict. The officers searching the residence of the defendant found some whisky in a glass jar, which the defendant attempted to dispose of by emptying the jar. They could smell whisky that had been dumped into the slop pail, and the sheriff and some of his deputies testified that they knew the reputation of the place kept by the defendant at the time of the raid, and that the place was a place where the public resorted, and had resorted for a number of years, to drink intoxicating liquor. The officers further testified that they followed a trail leading from the back door of defendant's home out from the back door of her house to a

field 200 or 300 yards from her house, and there found six half-gallon fruit jars full of whisky. Holes had been dug in the ground, the jars placed down in the holes, and the jars covered over with dirt, leaves, and sticks, with little sticks sticking up over each jar to locate where it was. The defendant took the witness stand and admitted she had a small amount of whisky in her house, given her by her former husband because she was sick, and denied any knowledge of the whisky concealed. If the jury believed the evidence of the state, it was sufficient to support the verdict.

The defendant next complains that the court erred in failing to instruct the jury on the law of circumstantial evidence. In the case of Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142, in paragraph 2 of the syllabus, this court said:

"Where the conviction rests wholly upon circumstantial evidence, and the court gave no instruction on the law of circumstantial evidence, and no instruction on this phase of the evidence was requested, the failure to so instruct the jury is not necessarily reversible error."

See, also, Newcomb v. State, 23 Okla. Cr. 172, 213 Pac. 900.

The defendant next complains that the punishment is excessive. The jury fixed the punishment in their verdict at a fine of $100 and 60 days in the county jail. Under the facts revealed in this case, the punishment fixed is as small as the jury could be justified in fixing.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.