CLAUDE McDUFFY v. STATE.

No. A-6580. Opinion Filed July 13, 1929.
(279 Pac. 692.)

Warren & Warren, for plaintiff in error.

Hal Welch, Co. Atty., and Choice D. Holden, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Choctaw county on a charge of manufacturing whisky, and his punishment fixed at a fine of $125 and costs of prosecution, taxed at $43.65, and to be imprisoned in the county jail for 30 days. The cause is now on appeal in this court.

The only question presented is, Can the defendant suppress the evidence taken in the case upon a void search warrant issued against the premises of another person? The warrant was issued to search the premises of one Woolsey. He was not on trial in this case, and any objection he might make would not avail this defendant.

In the case of Vale v. State, 43 Okla. Cr. 158, 277 Pac. 608, this court said:

"The defendant further complains that the search was illegal because the liquor was not found in the room of the defendant, but in the room of another person who had rented the room in which the whisky was found. This court has repeatedly held that the immunity guaranteed by the Constitution against unreasonable searches is personal and that the defendant cannot be heard to complain of an unreasonable search or seizure as against another person. Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142; Williams v. State, 35 Okla. Cr. 171, 249 Pac. 433; Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052."

The defendant not being in a position to raise the question of the illegality of the search and seizure, the

evidence against him was properly admitted. The officers found the defendant operating a still. They found several barrels of mash and 30 gallons of whisky.

The evidence being sufficient to support the verdict, and the error of law complained of being unavailing to defendant, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.