## SLY GIBSON v. STATE.

No. A-6695.   Opinion Filed August 3, 1929.
(279 Pac. 908.)

S. R. Harper, for plaintiff in error.

W. T. Dixon, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error was convicted in the county court of Comanche county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $250 and to be confined in the county jail for a period of 60 days.

The plaintiff in error, hereinafter called defendant, objected to the introduction of the evidence seized by the arresting officers because the officers had no search warrant for the premises where the liquor was found.   The officers testified that the police department received a call in the afternoon of the 30th day of January, 1927, to go to 201 Arlington avenue, on account of a drunken disturbance occurring at that place.   The officers responding to the call found a half dozen soldiers there, the defendant, together with some liquor which the defendant requested the soldiers to destroy, and he himself attempted to destroy until restrained by the officers.   He testified in his own behalf as follows:

"Q. Where do you live? A. 201 Arlington.

"Q. Did you live there on the 30th day of January, 1927? A. No, sir.

"Q. Were you there on the 30th day of January, 1927? A. I was."

It will thus appear from the defendant's own testimony that he did not reside in the place searched, and consequently cannot complain that the search was unlawful. Hardy v. State, 35 Okla. Cr. 124, 248 Pac. 874; Williams v. State, 35 Okla. Cr. 171, 249 Pac. 433; Klaber et al. v. State. 35 Okla. Cr. 238, 250 Pac. 142; Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052.

The defendant next complains that the court erred in giving instruction No. 2, but defendant took no exception to this instruction, and tendered no substitute for the same. Taken as a whole, the instructions fairly stated the law applicable to the case, and the court did not err in overruling the defendant's motion for new trial because of the giving of such instruction.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.