## TOOTSIE PATTON v. STATE.

No. A-6899.   Opinion Filed Nov. 16, 1929.
(282 Pac. 683.)

Ledbetter & Brown, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having unlawful possession of mash, wort, and wash, and his punishment fixed at a fine of $100 and confinement in the county jail for 90 days. The state filed an information charging Tootsie Patton jointly with Guy Ervin and Charlie Clifton. The case against Guy Ervin was dismissed by the court on recommendation of the county attorney. In the trial of the case the jury found Tootsie Patton and Charlie Clifton guilty, and the defendant Tootsie Patton has appealed

from the judgment of the court rendered against him on such verdict.

The defendant first contends that the court erred in overruling his demurrer to the information for the reason that said information did not state facts sufficient to constitute a crime under the laws of Oklahoma. The part of the charge in the information defendant complains of reads as follows:

"* * * The same being then and there fit for distillation, to wit, corn whisky."

The charge against the defendant was, "possession of mash, wort and wash same being then and there fit for distillation." This information sufficiently charged the offense of possession of mash, wash, and wort under section 1, chapter 42, Session Laws Sp. Sess. of 1923-24.

The defendant next complains that the court erred in admitting testimony obtained by an unlawful search of the premises of defendant. The evidence of the state was that they found the mash in a field on the premises of Charles Clifton; that as they passed the house after finding the mash they saw the still set up near a window and proceeded to search the house of Charlie Clifton. The contention of the defendant is that the mash and still were not found on premises over which he had any control. The defendant in his brief says:

"The admission of the testimony concerning the finding of the still at the residence of Charlie Clifton in close. proximity to the dwelling place of the plaintiff in error without a search warrant was prejudicial to the rights of the plaintiff in error."

This court has repeatedly held that the immunity from the consequences of an illegal search is personal and

does not extend to the unauthorized search of the premises of another. Hunter v. State, 43 Okla. Cr. 138, 277 Pac. 952.

The defendant did not take the witness stand, and relies for a reversal upon technical questions of law. This court has never looked with favor upon such defenses.

The defendant complains of other errors, but the same are not fundamental and therefore not sufficient to require a reversal of the case. The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.