## EDMOND BURKES v. STATE.

No. A-6974. Opinion Filed Dec. 21, 1929.
(283 Pac. 587.)

Wieck & Armstrong, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county on a charge of having unlawful possession of 34 cases of beer, and his punishment fixed by the court at a fine of $150 and confinement in the county jail for a period of 90 days.

The defendant in his brief says that his chief contention is that the evidence of the state fails to disclose the alcoholic content of the liquid seized, and that the evidence of the state wholly fails to show that the contents of the bottles and cases found were capable of being used as a beverage.   Dr. Richards, testifying for the state after qualifying as a chemist, said that he analyzed the samples of the beer delivered to him by the state, and that they contained $2\frac{1}{8}$ per cent. alcohol measured by volume.

Defendant relies on the case of Jerome v. State, 28 Okla. Cr. 131, 229 Pac. 527, and other cases of this court following that rule.   Those cases are not applicable to the facts in this case for the reason that in the Jerome Case, supra, the charge was for the possession of a substitute or compound, while in the case at bar the charge is for the possession of beer.

The defendant next contends that the evidence was inadmissible for the reason that it was obtained by an

unlawful search and seizure. The officers found the defendant with a truck unloading the cases of beer and arrested him, seizing 13 cases of beer. After arresting the defendant and taking him to the station with the 13 cases of beer seized, the officers returned to the premises of Buck Hunter, where they had originally found the defendant and with the consent of Hunter searched a building on the back end of Hunter's place and there found 34 additional cases of beer. This court has frequently held that immunity from illegal search and seizure is a personal one and that the defendant cannot complain where the premises of a third person are searched. Hunter v. State, 43 Okla. Cr. 138, 277 Pac. 952; Vale v. State, 43 Okla. Cr. 158, 277 Pac. 608.

The defendant complains of other errors, but they are all without merit.

For the reasons stated the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.