## HOWARD KIRKPATRICK v. STATE.

No. A-7382. Opinion Filed June 5, 1930.
Rehearing Denied Sept. 13, 1930.
(290 Pac. 933.)

Sherman & Warren, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Potta-

watomie county on a charge of having unlawful possession of beer, and his punishment fixed at a fine of $300 and confinement in the county jail for a period of three months.

The evidence of the state was that the officers procured a search warrant and searched the premises occupied by defendant and found some empty bottles and glasses setting on a little table in a back room where some parties had congregated and had been drinking. They found quite a lot of empty beer bottles in the building and found a sack and barrel full of empty beer bottles outside the house, and some 10 or 15 steps from the house found a sack with some bottled beer in it and something like a case of beer, and 40 or 50 yards from the house found two ten-gallon stone jars of beer; that at the time the arrests were made defendant told the officers he had the place rented from Mrs. Mason and had charge of the place. The officers testified that they had watched the place for several days, and that people came and went from there and congregated there, and that it was a place of public resort, and that the place had the reputation of being a place where intoxicating liquors were kept and sold. The state had the beer analyzed for alcoholic content, and the evidence was that it contained 4.8 per cent. alcohol.

The defendant contends first that the evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

The defendant filed a motion to suppress the evidence for the reason that the affidavit was insufficient to authorize the search of the premises. The defendant in his own defense denied that he knew anything about the beer or that he had been given possession of the premises at the time of the raid; that a Mrs. Mason was the owner of the premises, and while he had leased it from her, she

had not moved out and turned it over to him. An examination of the affidavit shows that it was sufficient. If the contention of the defendant was true that he was not in possession of the premises, then he was in no position to contest the sufficiency of the affidavit or the legality of the search, since the immunity from unreasonable search and seizure is personal. Hunter v. State, 43 Okla. Cr. 136, 277 Pac. 952; Vale v. State, 43 Okla. Cr. 158, 277 Pac. 608.

The other errors complained of by the defendant are all without merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.