## JOHN LEWIS v. STATE.

No. A-7518. Opinion Filed. Aug. 16, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 888.)

J. H. Long, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed at

a fine of $500 and confinement in the county jail for a period of 90 days.

The defendant first contends that the court erred in overruling his motion for a continuance. The information was filed on the 22d day of March, 1929. Defendant was arraigned on the 1st day of April, and took until the 3d day of April to plead. On April 11th, on application of defendant, the case was set for trial on the 15th day of April, and upon said day defendant objected to going to trial for the reason that defendant had not had sufficient time to plead after the overruling of his motion to quash the information, and thereupon defendant filed his motion for a continuance supported by his affidavit, which motion and affidavit were insufficient to require the court to grant the continuance. The case having been set for trial on a date requested by the defendant and the showing for a continuance being insufficient, it was not error for the trial court to overrule such motion.

The defendant next contends that the court erred in overruling his motion to quash the information, for the reason that the search was made without a search warrant. On the motion to suppress, the defendant called the justice of the peace and attempted to show that the affidavit and warrant had been changed after they were issued, but the justice of the peace testified that they were in the same condition as when he issued them, and the officers claimed to have had a search warrant. The presumption of law is that the officers had a valid search warrant and that the search and seizure was legal.

On the motion to quash, the defendant took the stand and testified that he was not in possession of the car at the time the search and seizure was made, but that he had loaned the car to some other parties who were driving

it. Under the defendant's testimony, no search warrant was necessary. Hunter v. State, 43 Okla. Cr. 138, 277 Pac. 952.

The instructions fairly state the law of the case. The evidence is sufficient to support the verdict of the jury.

The errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.