## JESS DAY v. STATE.

No. A.-7615.   Opinion Filed Jan. 24, 1931.
(295 Pac. 397.)

H. W. Morgan, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for six months.

The evidence of the state was that they had a search warrant to search the residence buildings, and premises described as the northeast quarter of section 3, township 7

north, range 9 west I. M., in Caddo county; that the defendant was not the owner of these premises; that when they went to the premises to search, the defendant was there and that upon searching the premises they found no liquor; that the car was setting in the yard, and when the officers asked permission of defendant to search the car he said it was not his. The officers did not search the car at that time, but later, on searching it, they found three quarts of whisky in the car.

Defendant filed a motion to suppress this evidence and, as a witness for himself, testified:

"Q. Did the grip belong to you in the car? A. No, sir.

"Q. Neither the grip that had liquor nor the car that had liquor belonged to you? A. No.

"Q. Who did they belong to? A. To my brother.

"The Court: Say the car didn't belong to you? A. No, sir."

Since neither the car nor the contents were the property of the defendant, according to his own evidence, he could not raise the question of the legality of the search and seizure. Hunter v. State, 43 Okla. Cr. 138, 277 Pac. 952; Vale v. State, 43 Okla. Cr. 158, 277 Pac. 608; Gibson v. State, 44 Okla. Cr. 83, 279 Pac. 908.

The court therefore did not err in overruling defendant's motion to suppress the evidence.

The errors of law complained of being without merit, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.