ELMER DOWNEY v. STATE.

No. A-8588. Oct. 20, 1933.
(26 Pac. [2d] 152.)

John W. Whipple, for plaintiff in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county of unlawful possession of a whisky still, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

Defendant filed his motion to suppress the evidence in the trial court, on the ground of illegal search, and on appeal to this court urges two grounds for reversal, to wit:

The court erred in overruling his motion to suppress and admitting the evidence secured under the illegal search; and

That the evidence was insufficient to sustain a conviction.

The state filed an information against defendant and Nat Abbington, charging them jointly with the offense. It does not appear from the record what was done with the charge against Abbington.   After the motion to suppress was overruled, the state proceeded with the trial of defendant.

On the motion to suppress, defendant testified he owned the farm on which he lived and had rented two others, on one of which a colored man by the name of Nat Abbington lived, which farm Abbington operated for defendant on a share-crop basis; that the house in which Abbington lived was about three-quarters of a mile from

defendant's home; that no search warrant was served on Abbington or himself.

This court in numerous cases has said:

"Immunity from prejudicial consequences of an illegal search and seizure is a personal one, and does not extend to an unauthorized search of the premises of another." Hardy v. State, 35 Okla. Cr. 124, 248 Pac. 874; Williams v. State, 35 Okla. Cr. 171, 249 Pac. 433; Klaber et al. v. State, 35 Okla. Cr. 238, 250 Pac. 142; Penrod v. State, 38 Okla. Cr. 46, 258 Pac. 1052.

Under defendant's own testimony, he did not occupy these premises, and under the authorities above cited it was immaterial whether a search warrant was issued or served.

Next defendant contends the evidence was insufficient to support the verdict.

The evidence of the state was that the sheriff of Payne county with one of his deputies, having a search warrant, went to the premises of Abbington about 11:30 at night; that when they got to the place they went to the north side of the house and stood there looking through a window on which there was no blind; that they saw defendant and Abbington with a still on the stove in which the latter was pouring mash; that defendant was sitting in a chair facing them; that they had the still on the fire and the worm was in the cooling barrel; that a colored boy opened the door and threw a flash-light in their faces; that thereupon they entered and arrested defendants; that the sheriff asked where the mash was, and defendant said, "Come on, Jim, I will show you right where it is"; that the sheriff asked who owned the tubs and buckets they used in carrying the mash from the barrel to the kitchen;

that defendant spoke up and said, "I can tell you all about those tubs and buckets."

Under this evidence, there could be no doubt of the guilty participation of defendant in the possession and operation of the still.

The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.