MRS. OREN GOLDEN v. STATE.

No. A-10004. Sept. 11, 1942.
(129 P. 2d 202.)

122

Meacham, Meacham & Meacham, of. Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Mrs. Oren Golden, was charged in the county court of Beckham county with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail and pay a fine of $100, from which judgment and sentence an appeal has been taken to this court.

It is contended that the search of the automobile in which the liquor was found was made without a search warrant and was an unlawful search, and defendant's motion to suppress the evidence presented to the court before the trial commenced should have been sustained.

The court's ruling on the motion to suppress the evidence was correct for two reasons. First, the car in which the liquor was found was standing in the driveway of a filling station; the whisky was lying on the seat of the coupe automobile in plain sight, with the exception that the coat which defendant had on her body partially cov-

ered the whisky. The sheriff drove into the filling station and noticed that the tags on the automobile had been changed. When he walked over to inquire of the defendant as to why the tags had been changed he saw the whisky in the seat of the car. An offense was thus committed in his presence and no search warrant was necessary. Saffa v. State, 75 Okla. Cr. 19, 128 P. 2d 241; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239; Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544, and other cases therein decided.

The defendant likewise could not raise the question of the legality of the search for the reason that she testified that the car did not belong to either her or her husband, but belonged to a young man whose name she refused to divulge. In Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394, 395, which is a case involving the search of an automobile, and in which opinion many other decisions are cited, it is held:

"Constitutional provisions guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Oklahoma Statutes Annotated, Constitution, article 2, sec. 30."

It is next contended that the court erred in giving instruction No. 5, which reads as follows:

"If you should find, beyond reasonable doubt, that on or about the date given in the information in this case, that the defendant, Mrs. Oren Golden had the possession of the whisky as charged in said information, then and in that event, you should find the defendant guilty of the offense charged, but if you have a reasonable doubt as to the ownership and possession of the whisky mentioned in this information, then and in that event you

should find the defendant not guilty and so say by your verdict."

The error apparent on the face of this instruction is the failure of the court to instruct the jury as to the intent with which the possession must be had. Possession of liquor without the intent to sell is not an offense under the laws of Oklahoma. The intent with which the possession is had is a material element of the offense which must be proved by the state the same as the other elements of the offense. The defendant herein contended that the whisky belonged to her husband; that she had found it and was moving it away to force her husband to quit the liquor business; that when she loaded the whisky into the automobile she noticed she had a low tire and pulled into the filling station to put some air in the tire. This defense probably did not sound very convincing to the jury, but it would make the intent with which the possession was had the one issue for the jury to determine, and when the court charged the jury that if they should find that the defendant had possession of the liquor, she would be guilty, the court committed error. We have carefully read the instructions as a whole and in none of them do we find the court specifically instructing the jury that the burden was upon the state to prove defendant had possession of the liquor with the unlawful intent to sell, barter, give away, or otherwise furnish the same, in violation of the laws of Oklahoma.

In the case of Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616, 620, the court instructed the jury as follows:

"You are instructed, that if you find from the evidence beyond a reasonable doubt, that the defendant herein did on or about the date alleged in the information or any time within three years prior to the filing of the information, have in his possession any spirituous,

vinous, fermented or malt liquors or imitation thereof, or substitute therefor; or any liquor or compound of any kind or description, whether medicated or not which contains more than three and two-tenths (3.2%) per cent of alcohol, measured by weight and which is capable of being used as a beverage; whisky is presumed to be intoxicating and needs no further proof, then and in that event it will be your duty to convict the defendant, otherwise you will acquit him."

In the body of the opinion Judge Doyle stated, with reference to the giving of this instruction:

"This instruction was not a correct statement of the law and was fundamentally wrong.

"With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon consideration of the evidence. * * *

"The possession without an intent to sell or convey does not constitute an offense any more than an intent to sell or convey without possession would constitute an offense."

For other cases in which the giving of instructions similar in form to that complained of herein was held to be reversible error, see Jenkins v. State, 28 Okla. Cr. 249, 230 P. 293; Caffee v. State, 11 Okla. Cr. 485, 148 P. 680; Klaber v. State, 35 Okla. Cr. 238, 250 P. 142.

It is our conclusion that the giving of this instruction was prejudicially erroneous, and, in the absence of any other instruction clarifying the duty of the state to prove the intent with which the possession is had, this cause must be reversed and remanded to the county court of Beckham county for a new trial.

It is so ordered.

BAREFOOT, P. J., concurs and DOYLE, J., concurs specially.

DOYLE, J. (concurring). In the case of Caffee v. State, 11 Okla. Cr. 485, 148 P. 680, 681, we said:

"The courts hold that existing rules of evidence may be changed at any time by the lawmaking power when exercised within constitutional limitations. The Legislature has frequently changed the rules of evidence, and declared that certain facts, when shown, shall constitute prima facie evidence of guilt. With what intent a person keeps intoxicating liquors is always a question of fact for the jury, to be determined upon a consideration of all the evidence. In the determination of that question they are required by the statute to consider the keeping of a certain amount of intoxicating liquors as prima facie evidence of an unlawful intent. But that evidence may be rebutted by other evidence in the case, whether shown by evidence on the part of the defense, or by the state in connection with the evidence proving the possession. With such evidence, the jury must also take into consideration the presumption of the innocence of the accused until the contrary is proved beyond a reasonable doubt. It does not change the rule in all criminal cases that: 'Before a conviction can be had, the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment or information.' 3 Rice on Ev. par. 259, and cases cited." (And see Wigmore, Ev. par. 1354.)

In the case of Klaber v. State, 35 Okla. Cr. 238, 250 P. 142, 143, it is said:

"This instruction was erroneous, amounting to the shifting of the burden of proof to the defendants. Assuming that possession of the whisky by the defendants was proved, there were two presumptions for the consideration of the jury, the presumption of innocence, and a contrary statutory presumption or inference arising from the possession of an excessive quantity. In the case of Sellers v. State, 11 Okla. Cr. 588, 149 P. 1071, it was held that an instruction like this was reversible error.

The evidence in its entirety, including all the presumptions, should, as a whole, be submitted to the jury."

Obviously, the instruction was not a correct statement of the law. It was fundamentally wrong and prejudicial to the rights of the defendant, in that it deprived the defendant of the benefit of the presumption of innocence, and is a comment on the weight of the evidence.