ONE 1949 PICKUP TRUCK MOTOR NO. 87HY157418 et al. v. STATE ex rel. RHOADS.

No. 34077.   Feb. 12, 1952.

*240 P. 2d 1107.*

John W. Tyree and C. S. McCuistion, Lawton, for plaintiffs in error.

Githen K. Rhoads, Co. Atty., Comanche County, Lawton, for defendant in error.

ARNOLD, C. J. This was a proceeding in the county court of Comanche county by the State on the relation of the county attorney to forfeit and sell one 1949 model Ford pickup truck owned jointly by Al Holland and Howard Cole by reason of its use in the unlawful transportation of intoxicating liquor. Judgment was entered in favor of plaintiff; from judgment and

order overruling motion for new trial, defendants appeal.

The evidence discloses that in 1948 Al Holland and Howard Cole were jointly engaged in farming operations on a 480-acre farm in Cotton county about 10 miles southwest of Lawton. Holland was a resident of Lawton while Cole lived at Enid. Among the farming equipment owned and used by them on this farm was a 1949 model Ford pickup truck. About December 1, 1948, Cole left the farm and returned to his home in Enid. He left this truck in the machinery shed on the farm, from which it was subsequently taken by Holland and placed in one side of his two-car garage at his home in Lawton.

On December 11, 1948, one Howard Barbee, a resident of Lawton and a long-time acquaintance of Holland, phoned him and requested a loan of this truck which was granted. When Barbee came for the truck Holland asked where he was going and, on being told he was going to Chickasha, Holland said he would go along to see his brother-in-law about some plumbing work. On arriving at Chickasha Holland got out of the truck at the home of his relative where he remained until Barbee picked him up on starting the return trip to Lawton.

On this same evening, sometime after dark, one John W. Duke, a member of the State Highway Patrol, parked his patrol car just west of Highway 277, some two or three miles north of Lawton where he was watching for a certain truck which he expected to pass there. Some distance south of this point the sheriff of Comanche county and his deputy had parked their car on the west side of Highway 277 where they were watching for defendants' Ford truck, as they had been advised it was coming that way. When the pickup truck passed the patrol car, the highway patrolman drove onto the highway and moved along the traffic line until he found that defendants' truck was not the one he was looking for and he then joined the line of traffic

two cars back of the truck. When defendants' truck reached the point where the sheriff was parked, the latter drove onto the highway and followed immediately behind the truck. South of this point a short distance there is an intersection of Highway 277 where it is crossed by Highway 62 which is an unpaved country road. Here the driver of defendants' truck signaled a left turn and left the pavement by crossing the northbound line of traffic closely followed by the sheriff and his deputy. The truck proceeded south on this country road a short distance when it was halted by the sounding of the sheriff's siren. Here the truck was searched and was found to contain 35 cases of whisky. This proceeding to confiscate the truck was commenced two days later. It was based on this search and seizure made without a warrant. This arrest was purportedly made for a misdemeanor committed in the presence of an officer, that of reckless driving.

The acts constituting the charge of driving on U.S. Highway 277 in a reckless and dangerous manner, which was filed against Barbee and relied upon to justify the arrest and search without a warrant, are thus described by the deputy sheriff in his testimony:

"The traffic was pretty thick coming from the south. When he tried to turn off there was a car coming and he had to wait until that car got by. He had almost gone by where the road cuts off and he had to cut back to get on the road. . .He whipped it across pretty fast, and it looked like it was going to turn over to me, he turned so sharp."

There is no evidence in the record that this charge of reckless driving was ever prosecuted or conviction had thereon. Instead of indicating a reckless and dangerous manner of driving, the facts as above related seem to indicate caution and a complete control of the truck in the face of oncoming traffic. These are not elements of reckless driving. This arrest has less foundation in fact than did the arrest in

the case of Jones v. State, 88 Okla. Cr. 243, 202 P. 2d 228, which was held insufficient as a basis for search and seizure without a warrant.

Al Holland filed a motion to suppress the evidence which was overruled by the court. He alleges error of the court in failing to sustain this motion. Defendant in error urges that the action of the trial court in this regard was correct for the reason that the right to object to a search as being in violation of the constitutional right is personal and cannot be made by one whose private rights have not been invaded; that inasmuch as Holland denied ownership of the whisky or knowledge of its presence, the search invaded no private right of his. In support of this they city Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052; Lewis v. State, 49 Okla. Cr. 160, 292 P. 888; Bynum v. State, 40 Okla. Cr. 352, 268 P. 993. These cases are based on fact situations which are entirely different from the instant case and are not in point here. In this case Holland, who was part owner of the truck, was present in the truck at the time of the search. The evidence found in the search is now the basis of the attempted confiscation of his truck. An illegal search was made of property belonging to Holland and evidence found by which the state now seeks to take his property from him. Certainly, Holland's private rights were invaded.

The case of Kelley v. United States, 61 F. 2d 843, 86 A. L. R. 338, discusses numerous cases on this point, particularly Alvau v. United States (C. C. A. 9) 33 F. 2d 467, which held that where a dwelling was searched without a search warrant and liquor found therein, defendant's constitutional rights were invaded, even though ownership and possession of the liquor was denied by him, for the invasion of his constitutional right was the forcible entry and unwarranted search thereof. And in Graham v. United States (C.C.A. 8) 15 F. 2d 740, the court said:

"The guaranty of the Fourth Amendment to the Constitution against unreasonable search and seizure is a personal right or privilege that can only be availed of by the owner or claimant of the property subjected to unreasonable search and seizure."

Here the truck owned by Holland was the subject of unlawful search, and Holland is the only person who can raise the question. Kelley v. United States, supra.

A charge of unlawful transportation of intoxicating liquor was also filed against Al Holland and Howard Barbee arising out of the search in question here. Conviction was had in county court and appeal taken to the Criminal Court of Appeals. In Holland v. State (Okla. Cr.) 226 P. 2d 448, that court held that motion to suppress the evidence should have been sustained for the reason that the arrest on the charge of reckless driving was a mere subterfuge and defendants' constitutional right to immunity from unlawful search was violated. By stipulation of the parties the evidence taken in that case was introduced as the evidence in this case. We agree with the conclusion reached by the Criminal Court of Appeals that the search was unlawful and that the evidence should be suppressed.

As the evidence against Al Holland must be suppressed and as the judgment against Cole was based upon the theory that he was bound by the acts of his partner, it can no longer stand as to him.

The judgment is reversed, with instructions to dismiss.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., dissents.