# ARCHER v. STATE.

No. A-11757. July 15, 1953.

(259 P. 2d 540.)

Norman & Wheeler, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, John Archer, defendant below, was charged in the county court of Muskogee county, Oklahoma, with the offense of unlawful possession of intoxicating liquor in Muskogee county, Oklahoma, on the 20th day of July, 1950, in that he was found in possession of certain liquors, as follows, to wit: 33 fifths of whiskey, 6 fifths of gin, 228 pints of whiskey and 184 half pints of whiskey all of which it was alleged he was in possesion of contrary to law for the purpose and intent then and there on the part of him to sell, convey, barter, give away or otherwise furnish the same. The defendant was tried by a jury, convicted, his punishment fixed by the jury at 30 days in jail and $350 fine. Judgment and sentence was entered accordingly from which this appeal has been perfected.

Briefly, the facts herein involved were that the defendant, John Archer, was seen on the public street in Muskogee, Oklahoma, delivering what the officers testified was a lug of whiskey out of his left-hand door to a Mr. Pierson whose car was parked on the right-hand side of the Archer automobile on said public street. The occupants of the automobiles observed the officers approaching and withdrew the package from Pierson and retained the same on the front seat of the car, which was a business coupe. The record discloses that the officers

observing the back of the front seat saw "lugs of whiskey visible". The record further shows that they did not have to lift up the blanket to find any packages back there, "that they were visible". The uncontradicted record discloses that Archer was in possession of the liquor at the time the search was made, but it further discloses that he denied ownership of either the automobile or the liquor. The record affirmatively shows that the automobile belonged to a man by the name of Howard DeFore. The defendant offered no proof in his behalf. In his brief he urges but one proposition, that the search and seizure and arrest without a search warrant was illegal, and that the court erred in not suppressing the evidence thereby obtained. This contention in face of the record is wholly without merit. In the first place they were where they had a right to be. In Jones v. State, 95 Okla. Cr. 323, 245 P. 2d 756, it was held:

"Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search [her] person and immediate possessions for intoxicating liquor."

The officers testified that from their experience in confiscating liquor what they saw passed back and forth between the two cars was a lug of whiskey. In any event the defendant is in no position to question the validity of the search and seizure in view of the fact that he did not own the automobile and denied ownership of its contents. As was said in Day v. State, 50 Okla. Cr. 19, 295 P. 397:

"Immunity from the prejudicial consequences of an illegal search and seizure is a personal one, and does not extend to the unauthorized search of the premises or car of another."

In the body of the opinion therein, the court said:

"Since neither the car nor the contents were the property of the defendant, according to his own evidence, he could not raise the question of the legality of the search and seizure. Hunter v. State, 43 Okla. Cr. 138, 277 P. 952; Vale v. State, 43 Okla. Cr. 158, 277 P. 608; Gibson v. State, 44 Okla. Cr. 83, 279 P. 908."

See, also, Lewis v. State, 49 Okla. Cr. 160, 292 P. 888. To the same effect is One 1949 Pickup Truck v. State, ex rel. Rhoads, 206 Okla. 36, 240 P. 2d 1107, where in the Supreme Court of the State of Oklahoma in syllabus 1 it was said:

"The owner of a truck which was the subject of unlawful search is the only person who has the right to object to search as being an invasion of constitutional rights."

Such is clearly the situation in the case at bar, and the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.