Clyde Melton PAYNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12564.

Criminal Court of Appeals of Oklahoma.
June 11, 1958.

Rehearing Denied July 9, 1958.
Second Petition for Rehearing Denied

Oct. 15, 1958.

Hendon & Hendon, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Clyde Melton Payne, defendant below, was charged by information in the District Court of Pottawatomie County, Oklahoma, with the crime of burglary in the second degree, the alleged crime being the burglary of a cafe located one mile west of Oklahoma Baptist University on Highway 270 in said county and state. He was tried to a jury, convicted, and his punishment fixed at two years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant first contends the trial court erred in overruling his motion to suppress the evidence. He contends the evidence offered at the trial to convict him was obtained by reason of an unlawful search and seizure of the automobile which he was driving. The record reflects the facts to be that the officers who arrested the defendant and his co-defendants saw them parked on the highway, and acting under the authority of 47 O.S.1953 Supp. § 303, demanded to see the defendant's driver's license. The defendant stated he had a license but he had left it at home and could not produce it, so the officer testified. The defendant's evidence was to the contrary, but conflicts in the testimony produce judicial questions for the determination of the trial court. Scott v. State, 84 Okl.Cr. 171, 180 P.2d 196. The defendant being without a driver's license, the arrest was therefore lawful, since he was committing a misdemeanor in the officer's presence. Blair v. State, 75 Okl.Cr. 265, 130 P.2d 545. But, there is another reason why the defendant cannot complain about the search of the automobile. The automobile, according to his own admission, belonged to his brother-in-law, Elmer Richard Karr, a co-defendant, who was in the automobile with the defendant when the arrest was made. Hence, the fact the defendant was driving with the owner present and in the automobile would not give him such proprietary control over the automobile as was recognized in Edwards v. State, Okl.Cr., 319 P.2d 1021. This defendant, although driving, under the conditions herewith presented had neither ownership nor sufficient proprietary control to entitle him to claim the search and seizure was in violation of his constitutional rights. His brother-in-law, Karr, might have claimed that right, but instead he pled guilty and testified for the state as to the facts of the burglary and defendant Payne's participation therein. This defendant falls within the rule announced in Day v. State, 50 Okl.Cr. 19, 295 P. 397, 398, wherein this Court said:

"Since neither the car nor the contents were the property of the defendant, according to his own evidence, he could not raise the question of the legality of the search and seizure. Hunter v. State, 43 Okl.Cr. 138, 277 P. 952; Vale v. State, 43 Okl.Cr. 158, 277 P. 608; Gibson v. State, 44 Okl.Cr. 83, 279 P. 908."

Lewis v. State, 49 Okl.Cr. 160, 292 P. 888; Sears v. State, 79 Okl.Cr. 437, 156 P.2d 145; Archer v. State, 97 Okl.Cr. 131, 259 P.2d 540; Kizer v. State, 96 Okl.Cr. 92, 249 P.2d 132. The Supreme Court of Oklahoma has likewise held in a forfeiture case, One 1949 Pickup Truck, etc., v. State ex rel. Rhoads, 206 Okl. 36, 240 P.2d 1107, that the owner of the truck which was the subject of an unlawful search and seizure is the only person who may urge the objection to the search as being an invasion of his constitutional right. The lack of merit in this contention is apparent.

The next contention of the defendant is that there was not sufficient corroboration of his co-defendants' (Jesse Leon Hope, Karr) testimony for the state. The record discloses this contention is without merit since the defendant's testimony is corroborative itself of practically everything Karr and Hope testified to except his denial he participated in the burglary. It has been held such corroboration is sufficient within itself. Perry v. State, 74 Okl.Cr. 234, 125 P.2d 219; Couch v. State, 77 Okl.Cr. 272, 141 P.2d 125; Sparks v. State, 94 Okl.Cr. 416, 237 P.2d 159. Moreover, the fact the defendant and his co-defendants were in close proximity to the scene of the burglary was a circumstance of corroboration. Rushing v. State, 86 Okl.Cr. 241, 190 P.2d 828. The fact the stolen goods were found in the automobile occupied by all the defendants is also corroborative of the accomplices' testimony. There is ample other corroborative evidence to sustain the verdict herein. The judgment and sentence is affirmed.

POWELL, J., concurs.

NIX, J., not participating.